HESTER A. LYTTLE ET AL. v. E. P. HARRIS ET AL.

(November 12, 1879.)

MARRIED WOMEN, SUITS BY.—Right to sue for a separate interest in property. When joinder of husband and wife is proper. Assertion of wife's homestead right.

PETITION.—Sufficiency of allegation of joinder of husband as plaintiff.

SAME.— Sufficiency of allegation of estate owned by plaintiffs.

APPEAL from Johnson county. Opinion by WALKER, P. J.

STATEMENT.— This was a suit, as shown by the amended petition, brought by Hester A. Lyttle joined by her husband, J. J. Lyttle, for the recovery against E. P. Harris of a certain lot in the town of Cleburne, and for rents. The

petition alleges that the property was purchased by said plaintiffs in the year 1867, from B. J. Chambers; was fully paid for by them, the greater part of the consideration paid being the separate property and funds of said Hester A.; that the deed was made to said J. J. Lyttle; that they moved on said lot and resided upon it, and that it was their homestead and is still their homestead. The petition alleges that, being so possessed of their homestead, the defendant, on the 2d day of November, 1868, unlawfully entered upon their said premises and homestead and ejected plaintiffs therefrom, and wrongfully withholds possession of same, to plaintiffs' damage $500. The petition alleges that plaintiffs, since their ejection, have owned no other real estate, and have acquired no other homestead; plaintiff Hester A. says that, after said ejection, her husband moved her away from Cleburne, and has wandered about with his family from one place to another, in the counties adjoining Johnson county, living most of the time in a tent. She alleges that soon after their said dispossession she applied to her husband to join her in a suit to recover possession; that he refused to do so at the time; she also alleges that in the year 1870 she engaged the services of a lawyer to institute suit to recover possession of said homestead, who declined doing so for the reason that the supreme court had decided, during that year, that a wife could not maintain a suit for such a purpose alone; that afterwards, by frequent persuasions, she succeeded in obtaining the consent of her husband, in the year 1878, to bring the suit, and this action was at once commenced on the 10th of June of the year last mentioned. The petition proceeds to allege, further, that "plaintiff Hester A. says she never intended to abandon her homestead and has never abandoned it; that she did not return to it simply because she could not get possession; that plaintiffs were not residing upon said lot at the time defendant got possession of the same; that plaintiffs had been sending their children to school and were indebted for their tuition; that plaintiffs moved off from

their said home and rented the same by the month in order to raise funds to settle said tuition, and while said property was so rented plaintiffs lived on a vacant lot in the said town of Cleburne in a tent, and whilst so living in said tent defendant got possession of their homestead."

The petition concludes with a prayer for relief in behalf of the plaintiffs. " They pray," etc., "that plaintiffs have judgment in said premises, damages, rents, and that they have a writ of restitution, and for general relief."

It appears from the answer that the original defendant disclaiming, A. G. Jones, by leave of court, defends, and in his amended answer files a general demurrer to the petition, and as grounds therefor:

1. That it is not averred what amount of the purchase money was paid out of the separate funds of said Hester A., nor that any part of said lot is her separate property, or whether the same is community property or not.

2. That it is not averred that the husband, J. J. Lyttle, did not abandon their said homestead, nor that the said Hester A. refused to follow her husband, or was compelled by him to leave Johnson county and live in a tent with her said husband and family.

3. That the petition does not allege what estate the plaintiffs claim in said premises.

4. That the cause of action for rents appears on the face of the petition to be barred by the two years' statute of limitations. The demurrer was sustained by the court, and, plaintiffs declining to amend, judgment was rendered for the defendants; the plaintiffs on their appeal assign as error the sustaining the general demurrer and rendering final judgment against plaintiffs.

OPINION.— No brief or argument has been offered by the appellees, and the brief of the appellants submits to us the hypothesis that the ruling complained of was based on the assumption that the husband, J. J. Lyttle, was a mere formal party and not a real plaintiff, notwithstanding his

joinder in the petition with his wife, and that she, there-
fore, in effect, suing alone, could not, under the allega-
tions made, maintain this action. The husband, J. J. Lyttle,
under the averment that Hester A. Lyttle sues, joined by
her husband, J. J. Lyttle, certainly affirms as effectually as
she does that he joins her in the prosecution of the suit,
and, therefore, that he consents and unites with her as
plaintiff in so doing; the extent and degree to which he
does so may be entire and absolute or qualified, according
to the allegations of the petition taken and construed as a
whole. Assuming that ordinarily the wife cannot sue for
community property or interests unless under some one of the
recognized exceptions to that general rule, and that in such
case the husband should be the sole actor, yet, in respect to
her separate property, she may join with her husband; he
may sue alone and under certain circumstances she may
sue alone. McIntyre v. Chappell, 2 Tex., 378; Cannon v.
Hemphill, 7 Tex., 184; O'Brien v. Hilburn, 9 Tex., 299;
Chapman v. Allen, 15 Tex., 284; Edwards v. Dismukes, 53
Tex., 605.

In this case the question need not be determined with
reference to the rule to be applied to the petition viewed as a
suit for the recovery of community property. The petition
alleges that her separate funds, to the extent of the larger
share of the purchase money of the lot, were paid in the ac-
quisition of the title to the property sued for, and therefore,
irrespective of her homestead rights, she shows, under a
very general averment, it is true, yet not specially excepted
to, that her separate property contributed at least one-half
to the purchase of the lot in dispute, and she may when
joined with her husband, or in other words both may jointly,
sue for her interest in it, and if he refuses to join her she
may sue alone. Where it is established that the property
was purchased with the separate money of one of the
parties, it remains the separate property of the party with
whose money it was purchased. Love v. Robertson, 7 Tex.,
6; Huston v. Curl, 8 Tex., 240. Yet if she had no interest

in the lot as her separate property, and considering it as community property, if it were necessary to assert in a suit her right to it as a homestead, that she would be a proper party cannot be questioned, and that her husband joined with her as plaintiff, or, if necessary, made defendant, is also a proper if not a necessary party, is not questioned. Under either aspect these are proper parties to this suit if the husband has indeed joined the wife in this suit.

The allegation that they join as plaintiffs in bringing the suit is *prima facie* sufficient, and indicative that he is plaintiff with her for all the purposes for which he may be allowed to assist in asserting her rights, even though he may claim none in his own individual behalf or interest; or according to the case which may be made by the petition, he may, in joinder with his wife, assert and maintain rights and interests connected with those of his wife pertaining to the subject-matter of the suit. They are co-plaintiffs, and he assumes, under the averments of the petition, all the responsibilities of a real and voluntary litigant as to costs, and the conclusive effectiveness of the judgment which shall be rendered. The petition proceeds explicitly, in addition to the formal recital of joining his wife, etc., to distinctly allege the specific time and circumstances when he consented to join in the suit, and that then the suit was brought; true, the allegation referred to is made in the connection of showing why the seeming delay to sue had occurred, thus accounting for a seeming abandonment of the claim specially set up by his wife to the homestead; but it is to be observed that all the allegations of the entire petition are those made and adopted by both plaintiffs jointly, and the material averments in the terms used in the petition are charged by them jointly, and they jointly pray for the same relief, pertinent and appropriate to a joint complaint and cause of action. The petition shows, therefore, that the husband and wife do sue jointly. Nor does the form of expression employed in the introductory part of the petition, to wit: "Hester A. Lyttle, joined by the

husband, J. J. Lyttle," negative or qualify the proposition that they both are real parties, and that the husband is not a fictitious, nominal or formal party.

There exists abundant good reason, under our system of laws, to construe the right of the wife to sue jointly with her husband, or alone if necessary, in the assertion of her homestead rights, under similar privileges as those accorded to her in respect to her separate property. Although, in the strict technical legal sense, her homestead right may not be appropriately comprehended by the term "effects of the wife," used in the act of 1840 (P. D., art. 4636), yet to render effectual the guaranties afforded to her by the constitution and laws of the land to rights of homestead, around which are sought to be established the most effective guards and impregnable barriers for her protection and security, the right, on her part, alone if necessary, to assert them in the courts, is an incident without which the right itself would perish, and the beneficent policy for the protection of wives and mothers, a feature of the general homestead system which, of all others, shines forth most conspicuously, would be vain, and the great and wise design of the law frustrated.

It is held in Kelley v. Whitmore, 41 Tex., 647, that the wife may maintain an action to protect the homestead when the husband is absent or refuses to join in the suit. The maintenance of this right is not restricted or qualified by any difference as to whether the homestead property belongs to the separate estate of husband or wife or to the community. Carter v. Randolph, 47 Tex., 380. The right of the wife to join with her husband for the recovery of the homestead as such, being community property, has not been questioned; nor ought her right to sue alone in such case be questioned, if her husband refuses to join her in the suit. The application of such a principle to the rights of the wife, in suits for her separate property, is of familiar application. The supreme court said in a case involving the wife's separate estate, recently decided: "Dismukes, the

husband, having refused to join in the suit, was not a necessary party, and the dismissal of the suit as to him did not operate a discontinuance." Edwards v. Dismukes, 53 Tex., 605.

In Murphey v. Coffee, 33 Tex., 509, it was held that the wife cannot maintain a suit in her own name in regard to community property, her husband not being a party, notwithstanding the property be the homestead. Mr. Justice Gould, reviewing that case in Kelley v Whitmore, 41 Tex., 648, construed it as having no reference to well-established exceptions to that rule, and proceeds to remark: " That there are cases where the wife, being abandoned by the husband, her power to manage and control the community property, and of necessity to enforce her rights by suit, is certainly the settled law of the state." Citing Fulton v. Doyle, 18 Tex., 14; Wright v. Hays, 10 Tex., 132. So, then, it would seem that the right of the wife to sue alone is not, in respect to any right she may have either in community or separate property, or in respect to the homestead, further limited than by the necessity imposed upon her resulting either from the wrongful acts of her husband (O'Brien v. Hilburn, 9 Tex., 290) or by the abandonment, continued absence of her husband, or his refusal to join her in the assertion of her rights, according to the circumstances of the particular case.

The discussion of the right of the wife to sue alone has been by us further extended than a decision of the exact question in the record might seem to require, because of the allegations in the petition of the former refusal of the husband to join in this suit; and, in view of further proceedings, it is deemed proper to express fully our view as to the right of the wife to sue, either alone or by making her husband defendant, in case the question should arise growing out of his withdrawal from or refusal to further prosecute with his wife this suit.

The grounds of exception relied on by the defendant are not well taken, nor is the petition obnoxious to a general demurrer. The petition alleges facts which constitute the

property a homestead. Its actual possession and occupancy as such until it was rented, and the temporary removal from it, did not affect the homestead quality and rights thereto. Thomas *v.* Williams, 50 Tex., 269. It continued to be the homestead when the alleged eviction occurred.

The other facts alleged relating to absence therefrom, failure to sue, etc., account for, explain and sufficiently negative acquiescence on the part of the wife in whatever intention the husband may have entertained of abandoning a right shown to have been possessed by both, or that another homestead may have been acquired. " If a homestead may be disrobed of its guaranties and the protection lost," said Chief Justice Hemphill, in Gouhenant *v.* Cockrell, 20 Tex., 96, " before a new and permanent one has been acquired, it must be undeniably clear and beyond almost the shadow, at least all reasonable ground, of dispute, that there has been a total abandonment, with an intention not to return and claim the exemption;" and in many other cases decided by the supreme court the above-quoted maxim has been applied to facts in favor of the homestead claimant in cases where the intention to abandon the home seemed far more equivocal than those which the plaintiffs here allege to have existed.

It was not necessary for plaintiffs to allege the estate owned by them in the land with greater particularity than was done; they alleged a conveyance to them by deed, ownership and payment of the purchase money. A grant or conveyance of land without the use of words necessary at common law to transfer an estate in fee-simple shall be deemed a fee-simple if a less estate be not limited by express words. P. D., art. 999; Bell County *v.* Alexander, 22 Tex., 358. And the allegation that a conveyance by deed was made of the property to J. J. Lyttle imported sufficiently that the fee-simple title was vested in the purchasers by such conveyance. But aside from this view, the general averment of ownership at the time suit was instituted would be deemed sufficient.

It is not deemed necessary, under the views already ex-

pressed upon the case, to discuss further the grounds of exception relied on in the court below. We conclude, therefore, that there was error in sustaining the demurrer of the defendant, and that the judgment must be reversed and the cause remanded for further proceedings.