## R. C. GRAVES v. W. S. CAMPBELL ET AL.

### No. 2761.

1. **Special Issues.**—Where several grounds of defense are pleaded and testimony is exhibited upon them, the plaintiff, if it be material to know upon what issue the verdict may be given, may have special issues submitted to the jury.

2. **Homestead—Abandonment.**—One acquiring a homestead does not lose it without removal from it with intent not to return to it as place of residence.

3. **Abandonment—Testimony.**—That one claiming homestead rights in Texas voted in another State to which he had gone is testimony upon the issue of abandonment, but it is not conclusive.

4. **Intent to Abandon.**—It was error to charge that absence with an intent to abandon formed subsequent to an execution sale of the homestead would validate the sale.

5. **Opinions of Witnesses.**—Witnesses testified to the acts and declarations of Campbell and wife on their leaving their home, and were permitted in addition to give their opinion as to the intent of the parties when leaving that they would return to their home. *Held,* that the opinions of the witnesses were incompetent and the admission ground for reversal.

6. **Abandonment—Charge.**—It was proper to refuse a charge which might convey to the jury the proposition that Campbell by a residence intended to be only temporary in Kansas City must be held to have abandoned his homestead in Texas if he had performed acts in Missouri which he could not lawfully perform without having a domicile there, even though at all times he may have had a fixed intention to return and occupy his homestead here.

7. **Final Judgment.**—Graves sued Campbell and his tenant Walker in trespass to try title for two town lots. Campbell's wife intervened, claiming the lots. The judgment was that plaintiff take nothing by his suit; that the sheriff's deed (under which plaintiff claimed from Campbell) be canceled; that Campbell and wife recover the land, and that the defendants recover of plaintiff their costs. *Held* to be a final judgment as to all the parties.

APPEAL from Red River. Tried below before Hon. V. W. Hale, Special District Judge.

August 10, 1888, appellant brought this suit in the District Court of Red River County against W. S. Campbell and C. W. Walker in trespass to try title to lots Nos. 1 and 4 in block 68 in the city of Clarksville, and for rents, etc. On 23d of November, 1888, Campbell and Walker entered their appearance and filed a general denial and plea of not guilty. On the 20th of May, 1889, Mrs. Adeline Campbell, wife of W. S. Campbell, intervened, and in her pleadings alleged that the property described in the petition was her separate property and was bought with her separate means, and that at the time it was purchased by appellant at execution sale it was the homestead of herself and her husband W. S. Campbell and their family, and was not subject to execution. On the 29th day of May, 1889, the case was tried before a jury and a verdict rendered by them in favor of W. S. Campbell, one of the appellees in this suit, and his wife Adeline Campbell, intervenor, and against appellant, for said

land, and judgment was rendered thereon on the 31st day of May, 1889. Graves appealed.

On the trial it was not disputed that the lots sued for had been the homestead of Campbell and wife. There was testimony tending to show that the property had been purchased with the separate means of the wife, as there was evidence tending to show that Graves purchased without notice of the rights of Mrs. Campbell.

It was in evidence that October —, 1884, Campbell, in order to secure medical aid in a dangerous disease from which he was suffering and which he could not obtain at home, left Texas and went to Kansas City, Missouri. He was soon followed by his wife and family, who sold most of their personal property in Texas. They leased their homestead. On leaving, both Campbell and his wife spoke of returning to Texas and to their homestead. Neither of them returned to Texas until after the levy and sale under execution under which Graves bought. The sheriff's deed to Graves was made September 10, 1887; sale, September 6. Campbell was on the police force of Kansas City from May 4, 1886, to September 10, 1887. He voted in two city elections in Kansas City. As police officer he took the oath prescribed by the laws of Missouri. He paid no poll tax in Texas; offered once to sell. Other facts are given in opinion.

*Chambers & Doak,* for appellant.— 1. The court erred in the second paragraph of his charge in charging upon the separate property, there being no evidence to sustain it, and which charge was misleading. Hutchins v. Masterson, 46 Texas, 551; Ross v. Kornrumpf, 64 Texas, 390; McKamey v. Thorp, 61 Texas, 649; Parker v. Coop, 60 Texas, 111.

2. A homestead in Texas can be abandoned by the owners voluntarily leaving it and becoming citizens of another State, without the acquisition of another. Trawick v. Harris, 8 Texas, 314; Smith v. Uzzell, 56 Texas, 315; Woolfork v. Rickets, 41 Texas, 359.

3. A homestead may be abandoned without an intention to do so by acts inconsistent with homestead rights. Every act of W. S. Campbell and wife since leaving Texas is inconsistent with our homestead exemptions. Reece v. Renfro, 68 Texas, 194; McElroy v. McGoffin, 68 Texas, 209, 210; Jordan v. Godman, 19 Texas, 273; Jarvis v. Moe, 38 Wis., 448; Harper v. Forbes, 15 Cal., 202; Benson v. Aikin, 17 Cal., 164; Kaes v. Gross, 92 Mo., 647; Cotton v. Hamil, 58 Iowa, 594; Lehman v. Bryant, 67 Ala., 558; United States v. Cruikshank, 92 U. S., 549.

4. No one but Campbell and his wife can testify as to what their intention was; others may testify only as to acts from which the intent may be inferred.

5. Error in refusing charges asked by appellant. [See opinion.] Reece v. Renfro, 68 Texas, 194; McElroy v. McGoffin, 68 Texas, 209; Harper

v. Forbes, 15 Cal., 202; Lehman v. Bryan, 67 Ala., 558; Cotton v. Hamil, 58 Iowa, 594; United States v. Cruikshank, 92 U. S., 549.

*Sims & Wright*, for appellees.—1.   It is the duty of the court to charge upon every phase of the case made by the evidence, whether the evidence is sufficient to sustain it or not.   Rev. Stats., art. 1317; 1 Sayles' Civ. Stats., p. 439, and authorities therein cited; H. & T. C. Ry. v. Rider, 62 Texas, 276; Cameron v. Cameron, 66 Texas, 682.

2.   Abandonment of the homestead.   Gouhenant v. Cockrell, 20 Texas, 96; Shepherd v. Cassiday, 20 Texas, 24; Cline v. Upton, 56 Texas, 321; McDaniel v. Reynolds, 71 Texas, 23; Jordan v. Godman, 19 Texas, 273; Smith v. Uzzell, 56 Texas, 315; Sanders v. Sharen, 66 Texas, 655; Slavin v. Wheeler, 61 Texas, 654; Foreman v. Meroney, 62 Texas, 723; McMillan v. Warner, 38 Texas, 410.

3.   Declarations as to intent.   McDannell v. Ragsdale, 71 Texas, 23; McMillan v. Warner, 38 Texas, 410; Cline v. Upton, 59 Texas, 28; 1 Greenl., arts. 108, 109.

STAYTON, CHIEF JUSTICE.—Appellant purchased the land in controversy under an execution against a firm of which W. S. Campbell was a member.   Campbell's defense was that the property was the homestead of himself and family at the time appellant bought.   Mrs. Campbell, the wife of W. S. Campbell, intervened and asserted that she owned the property in her separate right, for that it was paid for with her separate means.

There was evidence tending to show that this was true, as well as evidence tending to show that appellant was a purchaser for valuable consideration and without knowledge or notice of any right Mrs. Campbell may have had.

The court correctly instructed the jury upon these several issues, and it is now insisted that no issue whether the property was the separate estate of Mrs. Campbell should have been submitted, and so it is insisted on the claim that there was no evidence tending to show that the property was paid for with the separate funds of Mrs. Campbell; and further, because the evidence was clear that appellant had no notice of her right, if it existed, when he bought.

We are not prepared to say that there was not such evidence as made it proper for the court to submit the issue to the jury whether the property was the separate estate of Mrs. Campbell, and the fact that there may have been evidence from which the jury ought to have found that appellant was an innocent purchaser made it none the less proper to submit the issue.   If appellant desired to do so, he could have had the cause submitted on special issues, and thus have had the means for determining

·on what issue the cause was decided against him and whether in the find-ings the jury had given proper weight to evidence or disregarded it.

The second assignment is that "the court erred in the third paragraph of his charge, in this, he tells the jury, 'if defendant W. S. Campbell and wife Adelia, when they moved away from said property, did not intend to return to said property and use it as a homestead, or if they did intend and still intend to return and so use said property and occupy it as a homestead, and that neither of them has ever acquired any other homestead since they went away from the property in controversy, then in such case said property was not subject to forced sale, and you will find for.defendant.'"

There was evidence which made such a charge proper, and we under-stand the law to be as therein stated. There was no controversy as to the fact that the property was at one time the homestead of Campbell and his family, but he and family had been absent from it for some time, as he claimed and as the great weight of the evidence tended to show, be-cause it was necessary for him to remain in the State of Missouri under treatment by a specialist for a dangerous disease, but with intent at all times to return to it as soon as his condition would permit.

So being the evidence, the court, in connection with other proper and relevant charges, instructed the jury that "in order for the plaintiff to recover on the grounds of abandonment you must be satisfied by pre-ponderance of evidence that W. S. Campbell at the time of leaving the State did so with the intent to abandon his said homestead, or that since leaving he determined to abandon the same."

Appellant claims that Campbell had changed his domicile from Texas, where it is shown once to have been, to the State of Missouri, and the great burden of his brief is to establish the proposition that Campbell had changed his domicile and become a citizen or resident of the State of Missouri without intent to return to his home in Texas. If he had established that proposition to the satisfaction of the jury, under the charge of the court the verdict would have been in his favor on the question of abandonment.

One having acquired domicile does not lose it without removal from it with intent not to return, and the same is true as to abandonment of a homestead once acquired.

The burden of proof in either case rests upon the person asserting the affirmative of the proposition.

One may wrongfully exercise such powers or privileges as can be exer-cised lawfully only by an actual citizen of the State in which they are ex-ercised, and this will be evidence of the fact that he is a citizen of the State in which he assumes to exercise rights which pertain only to citi-zenship, but not conclusive evidence of that fact.

There is nothing in the charge referred to of which appellant can com-

plain, but it went too far in appellant's favor, in that it left the jury to infer that an intent not to return, formed since the appellant purchased, would render his title good.

Several witnesses were permitted over proper objections to state that it had been the intention of Campbell and wife to return to Texas and again occupy the homestead.

This was but the opinion of the witnesses, and should have been excluded.

The witnesses stated very fully the facts on which they based their opinions, and upon these facts it may be that the jury would have reached the same conclusion as to intention as did the witnesses, but it was the right of appellant to have his case passed upon by the jury with none but proper testimony before them, and we can not assume that the evidence improperly admitted may not have influenced the verdict.

It is claimed that the court erred in refusing instructions asked by appellant, which were as follows:

"1.    If you believe from the evidence that W. S. Campbell at any time after leaving Texas and prior to the sale of the land in controversy by the sheriff, formed an intention to be and become a citizen of another State, and did so become a citizen of another State, then I charge you that his homestead rights were lost and abandoned in this State; and that if you further believe from the evidence that his wife, Adelia Campbell, voluntarily accompanied him there and remained with him, then her homestead rights were also lost and abandoned, and you will find for plaintiff.

"2.    That a party can not be a citizen of more than one State at one and the same time; and if you believe from the evidence that the defendants were citizens of Kansas City, Missouri, at the date of levy of execution and sale, then they can not claim homestead rights in this State."

Neither of these charges informed the jury what facts would make Campbell a citizen of a State other than Texas, such as would preclude his retaining homestead here, and for this reason were properly refused.

It probably was argued in the court below, as seems to be insisted here, that if Campbell exercised powers or privileges in Missouri which none but a citizen of that State may lawfully exercise, this is conclusive evidence of his citizenship in Missouri.

If by the word "citizen" was meant, in its application to Campbell, a person who had moved from Texas to Missouri with a fixed intention not to return to this State again to reside, then it would have conveyed, taken in the connection used, no other instruction than that already given in language not calculated to mislead; but if by the use of the word in its connection it was intended to have the jury to understand that Campbell, by a residence intended by him only to be temporary, must be held to have abandoned his homestead here if he had performed acts in Missouri

which he could not lawfully perform without having acquired a domicile there, even though at all times he may have had a fixed intention to return and occupy his homestead here, then the charge was intended to give the jury an erroneous impression as to the law which should govern them.

The court had clearly instructed the jury what would operate an abandonment of the homestead; but had this not been so, would correctly have refused to give the instruction asked, couched as it was in language calculated to make a false impression on the jury, and especially so in view of the character of evidence offered to show abandonment.

C. W. Walker, a tenant of appellee, was made a defendant, and it is insisted that the judgment makes no disposition of the case as to him.

The judgment is, that appellant take nothing by his suit; that the sheriff's deed to him be canceled; that Campbell and wife recover the land, and that the defendants recover of appellant their costs.

This was a final judgment.

It is further urged that a new trial should have been granted on the ground that the verdict was contrary to the evidence, but this proposition is not supported by the record.

For the error of the court in permitting witnesses to give their opinions that Campbell intended at all times to return and occupy again the property as a home, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 22, 1889.