THOMAS R. GALLAGHER AND WIFE v. THEODORE KELLER.

No. 27.

1. Petition—Facts Sufficient to show Homestead on Demurrer—Suit to Remove Cloud from Title.—Gallagher alleged he was a married man, head of a family; that on July 31, 1884, he became the owner of a lot in San Antonio, and acquired the same for the purpose of a homestead, and immediately took possession thereof, enclosed the same with a fence, planted shade trees and cleared said lot preparatory to building a house thereon, and caused plans and specifications for such house to be prepared by an architect. That he was unable to continue the improvements until about April, 1890, when he constructed a dwelling thereon, and was at time of filing suit occupying the same with his family as a homestead, as was his original intention, which had never been abandoned. That he had no other homestead at the time of the purchase, and had acquired none since. On August 29, 1889, the lot was sold by the sheriff of Bexar County, on an execution in favor of Keller, who became the purchaser, which deed was recorded in Bexar County, and cast a cloud on Gallagher's title. Prayer to remove the cloud. A demurrer was sustained, and on Keller's plea, a judgment was rendered in his favor for the land, with a writ of possession. *Held*, error; what intention these acts may demonstrate is one of fact to be found by the jury.

2. Intent — Homestead. — Intent to occupy and use a lot as a homestead, and preparation for use by erecting a fence thereon and planting shade trees, is a dedication of a homestead, even though not occupied at time of sale under execution.

3. Value—Homestead.—The value of the lot was not alleged in the petition. No exception was taken to the petition on that ground. It was alleged to be the homestead; if other facts constituted it such, it would be to the extent in valuation of $5000, and if its value exceeded that sum, only the excess in value would have been subject to the execution. The petition was good as against the objection, as it was not specially excepted to on that ground.


APPEAL from Bexar.    Tried below before Hon. W. W. KING.

*Upson & Bergstrom*, for appellants.—To constitute property a home-
·stead, actual occupancy is not necessary, but a purchase thereof, with in-
tent to make the same the home of the family, coupled with acts of pre-
·paration indicating an intention to improve the same and construct a
·dwelling thereon, with a subsequent early use and occupation thereof
with the family, is sufficient.   Southerland v. Williams, 11 S. W. Rep.,
1067; Gardner v. Douglass, 64 Texas, 76; Barnes v. White, 53 Texas,
·628.

*Wm. Aubrey*, for appellee.—1.  To impress the character of a home-
stead upon property when there has been no previous occupancy, there
should at least be a present bona fide intention to dedicate it as a home,
coupled with such acts of preparation and subsequent early use as a home-
stead as would amount to notice of dedication   Const. 1876, art. 16, sec.
·51; Andrews v. Hagadon, 54 Texas, 576; Swope v. Stantzenberger, 59
Texas, 390; Fort v. Powell, 59 Texas, 321; Brooks v. Chatham, 57 Texas,
·33; Franklin v. Coffee, 18 Texas, 526; Thomp. on Home., secs. 241,
244–246.

2.  Being a suit to remove cloud on homestead, petition should have
alleged valuation did not exceed $5000, exclusive of improvements.
Const. 1876, art. 16, sec. 51; Amphlett v. Hibbard, 29 Mich., 304;
Stevenson v. Marony, 29 Ill., 534; Halfenstein v. Case, 6 Iowa, 376;
Kitchell v. Burgwin, 21 Ill., 45; Steuble v. Nodwift, 11 Ind., 61.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellants to
remove cloud from the title of a certain lot of land situated in the city
of San Antonio, and cancel a sheriff's deed by virtue of which it was al-
leged appellee claimed the property.   The court below sustained excep-
tions to plaintiffs' original and trial amended petitions, and upon their
failure to amend, proceeded to hear evidence offered by appellee under
his plea in reconvention, and rendered judgment in his favor for the
land, with a writ of possession.

The allegations in plaintiffs' petition are substantially as follows:
"That on the 31st day of July, 1884, Thomas R. Gallagher purchased
and became the owner in fee simple of the following property, situated in
the State of Texas, county of Bexar, and within the corporate limits
·of the city of San Antonio, being lot number 1, in block number 4, in
original outlot number 125, lying west of Alazan Creek, etc.   That
plaintiff is, and was at the time of the purchase of said lot, a married
man, and is the head of a family composed of himself, his wife, and child-
ren, and at the time of his purchase he acquired the same for the purpose
of a home for himself and family, and immediately took possession
thereof, and enclosed the same with a good and substantial fence, and
planted shade trees and cleared the said lot, preparatory to building a

house thereon, and caused plans and specifications for such house to be prepared by an architect. That he did not at the time of the purchase of said lot own any other home or property, nor has he since said time acquired any other home or property. That on the 29th day of August, 1889, the sheriff of Bexar County, Texas, levied upon said property by virtue of a writ of execution, issued out of the District Court of Harris County, Texas, in favor of the defendant, Theodore Keller, and against plaintiff, and sold the same at public outcry, at which sale the defendant, Keller, became the purchaser, and deed for said property was made to him by the sheriff, and that said deed was placed on the records of Bexar County."

By a trial amendment he alleged, that after the purchase as set out in the original petition, and the preparation of plans for building his house, he was unable to continue said improvements and construct a residence building thereon, because he had not sufficient money to proceed therewith, and was unable to obtain the same as he had expected to do; and thereafter, as soon as he could obtain the money with which to build a house thereon, to-wit, about the month of April, 1890, he constructed a dwelling house thereon, and is now (the date of filing his petition) occupying the same with his family, in accordance with his original intention, which purpose and intention has never been abandoned from the time of purchase.

The exceptions of appellee to the petition are, substantially, that it fails to show that after the alleged dedication and the erection of the improvements specified, appellants occupied or used or have since that time used the premises as a homestead; and that the petition fails to disclose in what manner the existence and record of appellee's deed to the property constituted a cloud upon appellants' title.

In the case of Cameron & Co. v. Gebhard, 85 Texas, 610, the facts, as stated in the opinion, are, that Mary Gebhard owned a lot in Waco as her separate property, which was the homestead of herself and husband; they sold the homestead and purchased the lots upon which appellants sought to foreclose a material man's lien with a part of the proceeds of such sale. At the time of the purchase, and at all times, they declared that they intended to make the lot so purchased their homestead. Gebhard made with Turntine a contract to build a house upon the lot; Turntine to furnish the lumber and erect the building for a given price. He was unable to purchase the lumber, and Gebhard entered into a contract with Cameron & Co. to furnish to Turntine the lumber necessary for the building, the cost of the lumber to be deducted from the price agreed to be paid to Turntine. Cameron & Co. knew at the time they agreed to furnish the lumber that the Gebhards had sold their former homestead and purchased the lot with the intention of making it their future homestead, that they had contracted with Turntine to build a residence on the

lot, and that the lumber to be furnished by them was to be placed in that residence. They furnished the lumber which was used in erecting a residence on the lot, and the amount sued for was an unpaid balance on the lumber so furnished. There was no improvement on the lot in question, and Gebhard had taken no steps to establish his homestead on it, other than the making of the contract with Turntine to build the house thereon. No contract in writing was made, but in all other respects the requirements of the law to fix the lien on the property were complied with by Cameron & Co.

The court then said: "The only question presented for consideration is, was the lot in question the homestead of defendant at the time the contract for the purchase of the lumber from plaintiffs was made?"

The contention of appellants in the case was, that the facts did not show any such physical preparation or act of any kind as was necessary to fix a homestead as against them who furnished the lumber and material for the erection of a building thereon; that the declaration, at or subsequent to the time of purchase, of an intention to make the property a homestead, it having no improvements upon it of any kind, there being no physical preparations to make any improvements on it, could not of itself make a homestead exempt from the claim of the material man.

Judge Brown, delivering the opinion of the court, after reviewing most of the cases in this State in which there was no homestead dedication by actual occupancy, says: "Intention alone can not give a homestead right; but it is at the same time equally true that all. other things combined can not give it without the intention to dedicate it to the uses of a. home. Valuable and costly improvements, coupled with long and continued possession, without a bona fide intention to make it a home, will not make it such. But the placing upon the premises unhewn logs for the purpose of erecting thereon the humblest cabin, with a bona fide intention to occupy as soon as the cabin can be built, secures the right."

"From this decision it is apparent that the intention is almost the only thing that may not be dispensed with in some state of cases; and it follows that this intention in good faith to occupy is the prime factor in securing the benefits of the exemption. Preparation, that is, such acts that manifest this intention, is but the corroborating witness to the declaration of intention, and an assurance of the bona fides of the party."

In that case there was not a single act done on the ground by Gebhard or anything there to indicate his intention to occupy it as a homestead at the time Cameron & Co. claimed they acquired a lien on it. True, they knew at the time they agreed to furnish the lumber that the Gebhards had sold their former homestead and purchased the lot with the intention to make it their homestead. But if it was their homestead, it must have been so independent of this knowledge on the part of Cameron & Co. It could not be a homestead as between them and Gebhard and a

homestead as to no one else. If a homestead, it was such against the world, and the right to it could have been asserted against any one else as well as against Cameron & Co.

The decision in that case must, after all, rest upon the intention of the parties to occupy the land as a homestead, independent of any act done on the premises to manifest that intention.

In this case the allegations, that appellant, at the time he purchased the property, acquired it for the purpose of a homestead, and that he immediately took possession thereof, and enclosed the same with a good and substantial fence, and planted shade trees, cleared the lot preparatory to building a house thereon, and caused plans and specifications for such house to be prepared by an architect, must, for the purpose of the demurrer, be taken as true, as well as the other allegations in his petition. And in view of the decision quoted from, we are not prepared to hold as a matter of law that these allegations, if true, were insufficient to constitute the property a homestead. Here, in addition to the purpose and intention of appellant to make it his home at the time of his purchase, we have the facts that he enclosed it with a good substantial fence, planted shade trees, etc. As to whether his intention was sufficiently manifested by these as acts of preparation, is a question of fact to be determined by all the facts and attending circumstances, as well as by the subsequent acts, conduct, and declarations of the appellant relating to or affecting the property. Fencing the lot and planting shade trees thereon are not inconsistent with the intention to occupy it as a homestead, and might, in connection with other facts and circumstances, if not alone, be evidence of such intention; or such acts might, in the light of other facts and circumstances, be insufficient to manifest such intention. As to what intention these acts may demonstrate, is not a question of law to be determined by the court, but one of fact to be found by a jury.

The petition of plaintiffs failed to allege that the value of the property at the time of its designation did not exceed $5000, exclusive of improvements, and no exception to the petition was taken on that ground by the defendant. It was alleged to be his homestead, and if other facts constituted it such, it would be, to the extent in valuation of $5000; and if its value exceeded that sum, only the excess in value would have been subject to the execution under which it was sold. We think the petition was good as against the objection, as it was not specially excepted to on that ground.

The exception that the petition fails to disclose in what manner the existence and record of defendant's deed to the property constituted a cloud on plaintiffs' title was not well taken. It has been repeatedly held, that an injunction is proper to restrain the sale of a homestead under execution, upon the ground that it would cloud the title. If a sale had been made which could have been restrained by injunction on the ground it

would cast a cloud upon the title, a deed under such a sale is such a cloud as could be removed by a decree of cancellation.

As the case was tried after appellants' petition was dismissed on appellee's plea in reconvention, appellee now contends that the judgment rendered in his favor should not be disturbed. We think that appellants had as much right to have the case tried on their pleadings as the appellee had to a trial on his, and as this right was denied them by the court below, its judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 4, 1893.