## W. M. LOCKE v. W. H. BONNELL.

Delivered September 30, 1896.

Homestead—Abandonment.

Where the evidence shows that the husband, on the death of his wife, leaving two young children, removed with them to his mother's, to give them her care, with the intention of returning as soon as the children were old enough to be sent to school, and that meanwhile he rented out the homestead house, retaining one room therein, however, for himself, and which he occupied on his visits to the place, an abandonment of the homestead is not made to appear.

APPEAL from Bexar.    Tried below before Hon. ROBERT B. GREEN.

*Peter Shields*, for appellant.—1.    The presumption is that property purchased during marriage is community property of the husband and wife, though the deed is taken in the wife's name, nor can it be withdrawn from the reach of creditors by gift from one to the other; and homestead property belonging to the community becomes liable for community or other debts when it is abandoned as a homestead during the life of either or both husband and wife.    Lott v. Keach, 5 Texas, 394; Love v. Robertson, 7 Texas, 6; Gillard v. Chessney, 13 Texas, 337; Houston v. Curl, 8 Texas, 240; Cook v. Bremond, 27 Texas, 457; Wright v. McGinty, 37 Texas, 733; Zorn v. Tarver, 45 Texas, 519; Cox v. Miller, 54 Texas, 16; Wallace v. Campbell, 54 Texas, 87; Wendley v. Adams, 55 Texas, 526; Veramendi v. Hutchins, 48 Texas, 531; Parker v. Coop, 60 Texas, 111; McDaniel v. Weiss, 53 Texas, 263; Bell v. Schwarz, 56 Texas, 353; Pearce v. Jackson, 61 Texas, 642; French v. Strumberg, 52 Texas, 109; Kirk v. Nav. Co., 49 Texas, 213; Ezell v. Dodson, 60 Texas, 331; Schulz v. Gary, 49 Texas, 49; Edwards v. Brown, 68 Texas, 329; McKinney v. Nunn, 82 Texas, 44; Oppenheimer v. Robinson, 87 Texas, 174; Stiles v. Japhet, 84 Texas, 91; Green v. Ferguson, 62 Texas, 525; Fox v. Brady, 1 Texas Civ. App., 590; 1 Sayles' Civ. Stats., 685-882; Langston v. Maxey, 74 Texas, 155; Holloway v. McIllheny Co., 77 Texas, 657; Blum v. Rogers, 78 Texas, 530; Blackburn v. Knight, 81 Texas, 326; Medlenka v. Downing, 59 Texas, 39; Wynne v. Hudson, 66 Texas, 1; Houston v. Newsome, 82 Texas, 75; Tackaberry v. Bank, 85 Texas, 488; Reece v. Renfro, 68 Texas, 192.

*Geo. C. Altgelt*, for appellee.

JAMES, CHIEF JUSTICE. —W. M. Locke recovered a judgment in October, 1893, against W. H. Bonnell, under which he sold and bought in at sheriff's sale in February, 1894, a house and lot in San Antonio. By reason of this deed he brought this suit against W. H. Bonnell and his two minor children to try title.

The following facts are undisputed:    Bonnell married in 1882, and soon afterwards bought this lot, taking the deed to his wife Nettie, and

built a residence thereon, and resided there with his wife and children until 1891, when she died intestate. In April, 1893, he married again. Upon the death of his first wife, in 1891, he took his two daughters, three and five years of age at the time, to his mother, who lives in Kerr County, to receive her care. Since then he and his children and second wife have remained on his mother's place; he attending to her affairs, she being an aged woman, and he the only child. Other facts bearing on the homestead issue will be stated further on.

The real issue, and the one upon which the district judge placed his decision of the case, was whether or not Bonnell had abandoned the property as his homestead at the time of the levy of the execution. It was held that he had not, and the court gave judgment upon proper pleadings cancelling the sheriff's deed and quieting defendants in their title. If such conclusion be correct, it is unnecessary to consider whether or not the property was the separate property of the first wife, or any contention raised by appellant based upon the theory that it was community.

There was evidence that Bonnell went to Kerr County with his daughters to give them the benefit of his mother's care, intending to return and live upon the property in question when they should arrive at proper age to educate them, and that this remained his intention. The place he occupied in Kerr County belonged to his mother. Soon after his wife's death in 1891, he added a room to the house in San Antonio, which part of the house he kept furnished for his own use, and occupied it when he came to the city, which he did on various occasions, and when he was not in the city, some one for him occupied the room, and although the house was rented, this room he always reserved for himself.

Upon this state of facts the property did not lose its exemption as homestead. The court was certainly warranted in determining as a fact that Bonnell left it with intention to return and occupy it with his family after some years' residence at his mother's place, made necessary or convenient by reason of the tender age of his children, and the circumstances in which he was placed in reference to them. These conditions continued to exist until after the sheriff's sale, for he did not marry again until later in 1893. He testified positively to his continuing intention to return to this property as his home, when the time came to give his children the advantage of education in the schools of San Antonio, and there is nothing in the facts that necessarily renders this testimony incredible or unreasonable. Apart from the facts touching the retention of one of the rooms of the house for himself, the finding that the place had not been abandoned is supported by evidence going to show that the head of the family, when he left it and ever since, intended to return and use and occupy it as his home. Rollins v. O'Farrel, 77 Texas, 95; Foreman v. Meroney, 62 Texas, 723; Graves v. Campbell, 74 Texas, 579.

*Affirmed.*