**McKENZIE et al. v. MAYER et ux.   (No. 832.)**

Court of Civil Appeals of Texas.   Waco.   Sept. 19, 1929.

W. W. Mason, of Mexia, for appellants.
Walters & Kidd, of Mexia, for appellee.

GALLAGHER, C. J.  This suit was instituted by appellees, William Mayer and wife, Mrs. H. J. Mayer, to restrain appellants, A. B. McKenzie, sheriff of Limestone county, and Bewley Mills, a corporation, from selling a tract of land claimed by them as their homestead under an execution against them in favor of said corporation.  A trial by the court resulted in a judgment perpetually enjoining such sale.  Hence this appeal.

### Opinion.

■ Appellants' first proposition presents as ground for reversal the action of the court in overruling their general demurrer to appellees' petition.  Appellees alleged, in substance, that they were husband and wife; that they purchased said tract of land, consisting of three lots in a certain addition to the city of Mexia, in the year 1921; that they purchased the same for homestead purposes; that they occupied certain buildings thereon as a place of residence for the family; that they also conducted a baking business therein, and that said property thereby became both their residence and business homestead; that they had never abandoned the same, and that any absence by them therefrom was temporary; that they had always intended and still intended to return and occupy said property as a home; and that they had not since said property was first acquired and occupied, and did not at the time of trial, have any other homestead.  Appellees further alleged that appellant Bewley Mills had theretofore sued them in the district court on an open account, and secured a judgment against them thereon for the sum of $1,165.85; that it caused an execution to be issued thereon and to be levied by appellant McKenzie on said lots; that he had advertised the same for sale under said levy; and that neither said judgment nor the indebtedness on which it was founded was enforceable against their homestead.

Appellants presented a general demurrer, which was overruled.  They contend that the allegations upon which appellees based said homestead claim were insufficient, because they did not include an averment that the lots so claimed, exclusive of improvements thereon, did not exceed $5,000 in value at the time they were first designated as such by occupancy and use.  The homestead interest in urban property cannot be seized and appropriated by an execution creditor.  Only the excess value, if any, in the land constituting the homestead, can be subjected to the satisfaction of his demands.  The procedure by which such excess can be reached by a creditor has been set out by our Supreme Court in Clement v. First National Bank, 115 Tex. 342, 350, 351, 282 S. W. 558.  In that case the court enjoined the sale of homestead property under the original execution levied thereon, and directed that it be sold under order of sale issued on its judgment fixing the rights of the respective parties and directing the application of the proceeds of such sale.  According to appellees' allegations in this case, appellants did not merely levy on a purported excess value in said lots, but, on the contrary, levied on the entire interest therein, including the improvements thereon, and asserted the right to sell the same and apply the proceeds of such sale to the satisfaction of said judgment, to the exclusion to that extent of any claim thereto by appellees.

Our statutes with reference to the seizure and sale of property under execution contemplate that the proceeds of such sale shall be paid by the sheriff to the execution creditor to the extent of his demand, and that only the remaining surplus, if any, shall be paid to the owner of the property.  Rev. St. 1925, arts. 3824 and 3827.  Such a sale would de-

prive appellees of their homestead exemption, and could therefore be properly enjoined, regardless of the value of said lots constituting the homestead. Clement v. First National Bank, supra. We think it follows, therefore, that appellants' allegations were sufficient to support the judgment of the court restraining the sale of the property levied on under said execution, and that it devolved upon appellants to allege that an excess in value existed, and to invoke the equitable powers of the court to subject such excess to their debt. Appellants' general demurrer was properly overruled. Hargadene v. Whitfield, 71 Tex. 482, 490, 491, 9 S. W. 475; Fitzhugh v. Connor, 32 Tex. Civ. App. 277, 74 S. W. 83, 84; Gallagher v. Keller, 4 Tex. Civ. App. 454, 23 S. W. 296, 298; Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228, 232; Lyttle v. Harris, 2 Posey, Unrep. Cas. 21.

Appellants by another proposition contend that, if appellees had ever established a homestead upon the property levied on, they had long since abandoned the same, and that such property was subject to execution at the time of said levy. Appellee Mayer testified that he came to Mexia in 1920 or 1921, during an oil boom; that he bought the first two lots levied on by appellants while cotton was growing upon them; that he erected thereon a combined residence and bakery all under one roof; that he and his family resided in the front part of said building, and that he conducted his bakery business in the rear thereof; that he subsequently bought a third lot adjoining the other two; that in March, 1925, a fire occurred, which destroyed most of the residence portion of said building, and also seriously damaged the portion used as a bakery; that he did not have money enough to rebuild; that he repaired the bakery and one room in the front and built a shack in the rear on said third lot; that he and his wife continued to live on said lots, occupying the repaired room in front and said shack in the rear as sleeping quarters; that he also continued his bakery business thereon; that his wife developed varicose veins in her legs; that she went to Houston for treatment, and that when, some time later, an operation was deemed imperative, he went to Houston to be with her; that he left for Houston the latter part of the year 1927; that he left all his household furniture on the premises, and left his son operating the bakery; that he had always intended to return and occupy said property as a home, and that he still intended to do so as soon as his wife's health would permit and he could arrange his affairs to do so. He further testified that his son soon became discouraged in operating the bakery and left Mexia; that his household effects were left on the premises, and that such as had not been stolen were still there; that he owned at the time of the trial no other property, except an equity in two lots situated in the timber across the ship channel at Houston; that they were not paid for, that he had no deed thereto, and that they were wholly unimproved; that he had never occupied nor claimed any other property as homestead since he left Mexia.

There were some inconsistencies and possibly some slight contradictions in his testimony. He testified on cross-examination that he paid a poll tax in Houston one time since he left Mexia, but that he had never voted there. There was also testimony that appellees had joined in 'a deed conveying certain property in Hull, Tex., to their son, while they were in Houston, and recited in said deed that their residence was in Harris county. Appellants introduced testimony of declarations made by both appellees tending to show an intent never to return and occupy said premises as a home, all of which they both denied. The court prepared and filed findings of fact in considerable detail, the substance of which was that appellees had established both a residence and business homestead on the property levied on; that their absence therefrom was caused primarily by the condition of Mrs. Mayer's health; that they had never abandoned the same, and intended to return and again occupy same as a home as soon as her health and other circumstances would permit.

The right to a residence homestead in a particular tract of land having once vested by ownership, occupancy, and use thereof as such, such right is presumed to continue until there is affirmative proof of abandonment. Lauchheimer & Sons v. Saunders, 97 Tex. 137, 140, 76 S. W. 750, Wilder & Co. v. McConnell, 91 Tex. 600, 604, 45 S. W. 145. To constitute such abandonment there must be a removal therefrom with intent not to return to it as a place of residence, or such definite intention must be formed after removal therefrom. Graves v. Campbell, 74 Tex. 576, 579, 12 S. W. 238; Harle v. Richards, 78 Tex. 80, 83, 14 S. W. 257. Even the temporary occupancy of other property owned by either husband or wife, and which might therefore be claimed as homestead, does not constitute an abandonment of the homestead formerly occupied as such, when no intention to abandon exists. Thomas v. Williams, 50 Tex. 269, 273 et seq.; Archibald v. Jacobs, 69 Tex. 248, 251, 6 S. W. 177; Reinstein v. Daniels, 75 Tex. 640, 643, 13 S. W. 21; Baum v. Williams, 16 Tex. Civ. App. 407, 41 S. W. 840, 841 (writ refused); Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080, 1082 (writ refused).

Abandonment is an issue of fact to be determined in each case from the entire evidence before the court or jury, and, in cases of physical absence, the lack of a definite intention not to return and use and occupy such homestead is the controlling fact. Sykes v. Speer, (Tex. Civ. App.) 102 Tex. 451, 112 S. W. 422,

426; Speer v. Sykes, 102 Tex. 451, 119 S. W. 86, 88, 132 Am. St. Rep. 896. The fact that Mayer paid a poll tax in Harris county was a circumstance to be considered in determining whether he had at that time a specific intention never to return and occupy the Mexia property as a homestead. It did not establish the existence of such intent as a matter of law, nor constitute an abandonment of his homestead claim to the property levied on. Neither did it estop him in any way to assert such claim. Graves v. Campbell, supra, 74 Tex. at page 579, 12 S. W. 238; Robinson v. McGuire (Tex. Civ. App.) 203 S. W. 415, 416, pars. 3–5. The court having found that appellees had never abandoned the property levied upon as a homestead, and there being evidence sufficient to sustain such finding, appellants' contention is overruled.

▰ Appellants by their remaining propositions contend that appellees' homestead exemption did not extend to the third lot purchased by them after their homestead had been actually established on the other two lots. There was testimony that after the fire appellees erected what they called a shack on said lot, and used the same in connection with the damaged building on the other two lots for residential purposes. There was also testimony that the garage was situated partly on the original two lots and partly on said third lot. The court found that appellees' homestead covered all three of said lots. There is evidence to support such finding. Said contention is overruled.

The judgment of the trial court is affirmed.