## CITY NAT. BANK OF BRYAN v. WALKER.

### No. 1949.

Court of Civil Appeals of Texas. Waco.

Dec. 2, 1937.

Rehearing Denied Dec. 23, 1937.

Henderson & Hoyle, of Bryan, for appellant.

Armstrong & Armstrong, of Bryan, for appellee.

ALEXANDER, Justice.

The bank sued Walker for debt and sought to foreclose an attachment lien levied on a house and lot owned by the defendant in the city of Bryan. The property was claimed by the defendant as his homestead. The trial court rendered judgment for the debt but declined to foreclose the attachment lien. The only question presented for our determination is whether or not the evidence is sufficient to support the trial court's implied finding that the defendant had not abandoned the attached property as his homestead.

The defendant Walker and his wife were the only witnesses who gave any material testimony on the issue in question. Their evidence shows that the property in question was occupied by them as their homestead until the year 1925. During that year the defendant became financially embarrassed, and, as a consequence, he turned all of his property, except the house and lot in question, over to his creditors and took his family to Miami, Fla., for the purpose of recouping his losses. They remained in Miami until 1936. During their stay in Florida they did not purchase a home or any household furniture but leased several furnished apartments for residential purposes. He leased several pieces of property for business purposes and at different times engaged in the real estate, boarding house, and restaurant business. In the written leases executed by him, he was described as residing in Miami, Fla. They educated their children in Florida and did not return to Bryan to live until 1936, shortly after the property had been attached. Both the defendant and his wife testified that at all times during their absence they intended to return to Bryan and use and occupy the property as a homestead, though Mr. Walker testified, on cross-examination, that he never intended to return until he "got something." They left their furniture in the house in question and rented the property out, furnished, from month to month, during their absence. They left their china and silverware with Mrs. Walker's sister in Bryan. They retained their lodge affiliations in Bryan and Mrs. Walker maintained a bank account and church affiliation in Bryan. Walker offered the property in question for sale in May, 1936, but testified that his purpose in doing so was to enable him to acquire another piece of property next door thereto for the purpose of occupying it as a homestead.

Where property has once been occupied as a homestead but has been vacated by the family, the question as to whether it has been abandoned as a homestead depends largely on the intention of the claimant. Mere removal from the premises, even to another state, does not

constitute an abandonment so long as no other homestead is acquired and there remains at all times an intention to return to and occupy the property as the family residence. 22 Tex.Jur. 75; Graves v. Campbell, 74 Tex. 576, 12 S.W. 238; Gaar, Scott & Co. v. Burge, 49 Tex.Civ.App. 599, 110 S.W. 181, writ of error ref.; Harbison v. Tennison, Tex.Civ.App., 38 S.W. 232; Ritz v. First Nat. Bank, Tex. Civ.App., 234 S.W. 425, 427; McKenzie v. Mayer, Tex.Civ.App., 20 S.W.2d 238, 240; Foreman v. Meroney, 62 Tex. 723; Armstrong v. Neville, Tex.Civ.App., 117 S.W. 1010. While the evidence shows that Walker and his wife were absent from the state for a number of years, their testimony that they intended at all times to return to Bryan at some date in the future and occupy the property as their homestead, corroborated by the fact that they left their furniture in the house and retained their lodge, church, and other affiliations in Bryan, was sufficient to justify the trial court in finding that they never abandoned the intention to occupy the property as their homestead. Certainly, we could not say that the evidence was such that no reasonable mind could so find. This being true, we must affirm the judgment of the trial court.

·Affirmed.