Dr. Harold H. VARON, Appellant,

v.

RICHARDSON PROFESSIONAL PROPERTIES, INC., Appellee.

No. 19967.

Court of Civil Appeals of Texas, Dallas.

June 14, 1979.

---

1. Italics ours.

Tom Mills, Dallas, for appellant.

Richard W. Luerssen, Steinberg & Luerssen, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and CARVER, JJ.

GUITTARD, Chief Justice.

In this suit for rent due under a commercial lease, the trial court rendered summary judgment for lessor. Defendant appeals on the ground that his affidavit filed in opposition to the motion for summary judgment raises a fact issue as to whether he signed the lease as the representative of a corporation rather than as an individual. We hold that this affidavit is insufficient to raise a fact issue because defendant's statement of his belief concerning the lessor's intention is not competent summary-judgment proof. Accordingly, we affirm.

The lease as originally executed named defendant Harold H. Varon as lessee in the opening paragraph and, at the end, was signed by Harold H. Varon as lessee. Later a line was drawn through Varon's name in the opening paragraph and "Richardson Clinical Laboratory" was written above it. The word "Inc." does not appear, nor is there any other indication that the lessee was a corporation. Immediately beside these words appear the initials of the persons who signed the lease and also a date more than two months later than the other date in the document. No change was made with respect to the signature of "Harold H. Varon" at the end of the document.

The lessor brought the suit against "Dr. Harold H. Varon d/b/a Richardson Clinical Laboratory." Varon's answer denied liability in the capacity in which he was sued and denied that he was doing business in an assumed name. In response to the lessor's motion for summary judgment, Varon filed the following affidavit:

The attached copy of a Certificate of Incorporation refers to the corporate entity, Richard Clinical Laboratory Inc. This is the business entity which was intended by me and by all parties to the Contract and Lease Agreement to be legally entering into and bound by a Contract and Lease Agreement. It was the intention of me, and it is my belief that it was the intention of the representative of Richardson Professional Properties, Inc. that the Lease Agreement referred to and obligate [sic] only Richardson Clinical Laboratory, Inc.

On this appeal Varon contends that since the body of the lease names "Richardson Clinical Laboratory" as lessee, but bears his

individual signature at the end, the lease is ambiguous with respect to the person obligated as lessee and that this ambiguity is properly explained by his affidavit to the effect that he signed as a representative of the corporation rather than as an individual. On the other hand, the lessor contends that this affidavit is insufficient to raise a fact issue concerning Varon's personal liability on the lease because the affidavit does not state that the lessor agreed to accept Varon's signature on the lease as representing a corporation and neither does it show that Varon communicated to the lessor his intention to sign in a representative capacity.

In support of this contention, the lessor cites *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex.1974), in which a note was signed in an assumed name, with the individual defendant's signature below it, and the defendant sought to defeat summary judgment by an affidavit stating that he signed it in his capacity as an officer of a corporation and not in his personal capacity. The Supreme Court held that this affidavit did not raise the fact issue of representative capacity because the affidavit did not show that both parties understood that the defendant was signing in that capacity, nor did it show that the defendant's intention to sign in that capacity was communicated to the payee of the note.

Varon asserts that his affidavit in this case supplies the element held to be fatally missing in *Seale,* namely, the understanding or agreement of the other party to Varon's execution of the lease as a representative of the corporation, since he states in his affidavit that he believes that this was the intention of the representative of the lessor as well as of himself.

█ We conclude that the affidavit is not sufficient. It does not state that the parties so agreed, or that Varon communicated to the lessor his own intentions in that respect. It states only his belief concerning the parties' intent, but defendant was not qualified to testify concerning the intent of the lessor's representative, since he could not have direct knowledge of another per-

son's state of mind. *Graves v. Campbell,* 74 Tex. 576, 12 S.W. 238, 239–40 (1889); *Medina v. Sherrod,* 391 S.W.2d 66, 69 (Tex.Civ. App.—San Antonio 1965, no writ); 2 C. McCormick and R. Ray, Texas Law of Evidence § 1428 (2d ed. 1956). The summary-judgment rule, Tex.R.Civ.P. 166–A(e), requires that opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall set forth affirmatively that the affiant is competent to testify to the matters stated therein." By this standard, Varon's affidavit is insufficient to show the lessor's intent.

Varon further contends that the summary judgment is erroneous because the affidavit of the lessor's representative, filed in support of the motion, is objectionable as a legal conclusion. This affidavit states:

Defendant, Harold H. Varon, signed and entered into said Lease Agreement personally and individually, as evidenced by his signature on page 14 of said Lease Agreement.

█ Although we agree that this statement is a legal conclusion, we do not think it is essential to the lessor's summary-judgment proof. Since Varon's signature on the lease does not appear from the document itself to have been made in a representative capacity, the assertion that he signed as a representative of a corporation does not attempt to negate a necessary element of the lessor's cause of action, but is a matter of avoidance which is made an affirmative defense by Rule 94 of the Texas Rules of Civil Procedure. *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex.1974). On a motion for summary judgment filed by the plaintiff, the defendant has the burden to raise a fact issue on the affirmative defense. *Gulf, C. & S. F. Ry. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 500 (1958); *Leone v. Valiant Ins. Co.,* 461 S.W.2d 426, 427–28 (Tex.Civ. App.—El Paso 1970, no writ); *City of Houston v. Socony Mobil Oil Co.,* 421 S.W.2d 427, 431 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n. r. e.). For reasons already stated, we hold that Varon's affidavit

is insufficient to raise a fact issue with respect to this affirmative defense.

Affirmed.