## STATE *v.* PALMER *& a.*

When none of the physical facts bearing upon the question of domicil are in dispute, the mental fact of intention is the sole issue for the jury to determine.

INDICTMENT of the defendants, as supervisors of the town of Barrington, for refusing to place upon the check-list in March last the name of Dr. John S. Daniels.

Dr. Daniels is thirty-seven years old and unmarried.    He was born in Barrington, graduated at a medical college in 1875, and practised his profession in Barrington until May, 1884.    Since his father's death in 1883 he has owned the homestead place, subject to a life estate in his mother.    Except when at school or attending lectures he always lived on the homestead with his father until his death, and afterwards with his mother until May, 1884, when he opened an office in Rochester, where he has ever since practised.    He has boarded at a hotel in Rochester, and, unless prevented by the weather or by illness, has generally spent Saturday nights and Sundays at the homestead with his mother, who has done his washing and mending.    He has always been taxed and paid taxes in Barrington, and has voted there at every election until March last.

The foregoing facts were not in controversy, and the court instructed the jury that " the sole question is, What was Dr. Daniels's intention? Did he or not intend to abandon his previous home in Barrington and make his home in Rochester?" Dr. Daniels testified that he never intended to abandon his home in Barrington, or to acquire a home in Rochester; and the court told the jury that if they believed his testimony his legal domicil was in Barrington. To both these instructions the defendants excepted.

*J. G. Hall* and *J. S. H. Frink*, for the defendants.

*J. Kivel, solicitor*, for the state.

BLODGETT, J. The facts involved in the question of domicil were either physical or mental. None of the physical facts bearing upon the question being in controversy, the mental fact of intention was necessarily the sole issue for the jury to determine; and if they should believe Dr. Daniels's testimony, that he never intended to abandon his home in Barrington, or to acquire a home in Rochester, his legal domicil would of course be in Barrington, and entitle him to vote there.

The instructions complained of were legally correct.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.