### Francisco Benavides v. N. Gussett.

#### No. 428.

1. **Jurisdiction—Plea in Abatement—Charge of Court.**—Where, at the time of institution of the suit, the defendant has removed to another county, and he pleads in abatement his privilege to be sued in such other county, and the evidence leaves it uncertain whether or not he has removed there permanently, and with no intention of returning, it is proper to charge the jury, that if defendant is residing in such other county with the intention of remaining there, and not with the intention of living there temporarily and then returning to his former home, they should find the plea in abatement to be true, and go no further.

2. **Same—Domicile—Intention.**—On the question of domicile, when none of the physical facts are in dispute, the person's intention is the sole issue.

**Error** from Duval.   Tried below before Hon. A. L. McLane.

*Coopwood & Coopwood,* for plaintiff in error.—1.   The manifest intention of the statute is to secure to every inhabitant of the State the privilege of being sued in the county of his residence, which can not be denied him; and the residence of plaintiff in error being in Webb and not in Duval County, from November, 1891, until this suit was instituted, and defendant in error knowing such fact, no belief as to a future intention, though induced by a conversation in December, 1891, can possibly be sufficient to defeat the plea.   Brown v. Bouldin, 18 Texas, 431; Strahl v. Pinkerton, 1 W. & W. C. C., sec. 470; Shady v. Consoles, 1 W. & W. C. C., sec. 237; Heldt v. Webster, 60 Texas, 208, 209.

2.   It was shown that plaintiff in error had actually changed his residence, not only by going to provide a house for his family, but by

actually removing them and all his effects from his former to his new home, and had acquired a residence, in the strictest sense, in Webb County more than four months before this suit was filed, and was then able to point to his new residence by facts so certain and notorious as to enable the defendant in error, by the use of ordinary diligence, certainly to know where to bring his suit, and that he knew these facts before he sued. Tucker v. Andrews, 27 Texas, 282; Willson v. Bridgman 24 Texas, 617; Brown v. Bouldin, 18 Texas, 431; Strahl v. Pinkerton, 1 W. & W. C. C., sec. 470; Shady v. Consoles, 1 W. & W. C. C., sec. 327.

*J. O. Luby* and *McLeary & Stayton*, for defendant in error.—1. Plaintiff in error having had unquestioned domicile and residence in Duval County up to within a short time prior to the institution of this suit, and that too for several years continuously, and having only very shortly prior to the institution of this suit taken up a residence in Webb County, and the question of domicile having been put in issue by his plea in abatement, it devolved upon the court to instruct the jury as to this issue, and in doing so to instruct them as to what weight the intention of the plaintiff in error was to be given in determining as to where his real domicile was; and domicile being residence animo manendi, it was proper for the court to so instruct the jury. Brown v. Bouldin, 18 Texas, 431; Wilson v. Bridgeman, 24 Texas, 615; 2 Bouv. Law Dic., "Residence;" 1 Id., "Domicile."

2. When the only issue made by the pleadings and evidence is a plea in abatement in nature of personal privilege, it is not error to instruct the jury that if they find for the defendant upon the plea in abatement to go no further; but if they should find from the evidence against such plea, then to bring in a verdict for the plaintiff for the amount claimed, the same being undisputed; nor is it error for the court to make the plea turn upon the intention of the party as to change of domicile, since domicile depends upon intention. Breen v. Railway, 44 Texas, 309; Robertson v. Ephraim, 18 Texas, 118.

FLY, ASSOCIATE JUSTICE.—This is an appeal from a verdict and judgment for $617.52, with interest, rendered against plaintiff in error and in favor of defendant in error in a suit on account, the petition alleging that the residence of plaintiff in error was in Duval County. Plaintiff in error filed his plea of privilege to be sued in Webb County, which he alleged was his place of residence at the time of institution of the suit, and that he was not at that time a resident of Duval County. There was no contest as to the account being just and correct, the only issue being the one of domicile of plaintiff in error. The testimony shows, that in October, 1891, plaintiff in error left Duval County, stating before his departure, to Abelino Tobar, that he wanted Tobar to take care of his family, and said he was going to join "the revolution." The family of plaintiff in error left with their

household goods for Laredo, in November, 1891. It was shown by one witness, that plaintiff in error declared his intention to remain in Webb County, and by another witness it was shown that he said he was coming back to Duval County again; that he left because of the persecution to which he was being subjected from being a follower of Garza, and that as soon as the persecution died out he would return. It was shown that the occupation of plaintiff in error was the care of stock in Encinal County, up to April 15, 1892. The five witnesses whose depositions were used testified to the fact of the family of plaintiff in error having been in Laredo for several months before the suit was instituted, and the conflict as to what plaintiff in error said his intention was as to his residence occurred among witnesses who were before the jury. When plaintiff in error and family left Duval County, they "loaned" their house to parties, and afterwards sent them word to vacate the premises. It is not clear to whom the house belonged. It is perhaps significant that neither plaintiff in error nor his wife testify that they intended to make Webb County their permanent home, although the latter testified by deposition. The only declaration of intention on the part of plaintiff in error that he had made Webb County his permanent home, is one sworn to by his son-in-law.

It was not erroneous to charge the jury that if, from the evidence, they believed that on the 9th day of April, 1892, when the suit was filed, plaintiff in error was residing in Webb County, "with the intention of remaining there, and not with the intention of living there temporarily, and then returning to Duval County, then they should find the plea in abatement to be true, and go no further. "No length of absence from one's domicile, when the purpose is to return to it, operates as a change of domicile." Sabriego v. White, 30 Texas, 584.

In the case of Ex Parte Blumer, 27 Texas, 734, the question of the intention of Blumer was made the turning point as to residence, and the question is thoroughly treated. In his Conflict of Laws, page 49, Story says: "In a strict and legal sense, that is properly the domicile of a person where he has his true, fixed, and permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." Again, he says: "Two things must concur to constitute domicile—first, residence; and secondly, the intention of making it the home of the party." It is held by the Supreme Court of New Hampshire, that "on the question of a person's domicile, when none of the physical facts are in dispute, the person's intention is the sole issue." The State v. Palmer, 17 Atl. Rep., 977.

There was in the case we are considering no contest as to the fact that plaintiff in error had removed with his family and household goods to Laredo, and was occupying a rented house; and such being true, the vital question was, did plaintiff in error remove to and settle in Laredo with the intention of not returning to Duval County? This question was fairly submitted to the jury by the charge, and the jury have answered the question in the negative. The evidence on intent is con-

flicting; the witnesses were before the jury, and they were in a position to pass upon the credibility of the witnesses and the weight to be attached to their testimony.

It being alleged in the petition that plaintiff in error was a resident of Duval County, the presumption was in favor of the allegation, and "there seems to be much reason in holding that the burden of proof must be on the defendant, who alleges facts which negative the jurisdiction." Robertson v. Ephraim, 18 Texas, 118; Mills v. Alexander, 21 Texas, 154. The charge of the court presented to the jury the only issue that could arise, and it was not error to refuse the special charges requested.

There is nothing requiring a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*

Delivered September 26, 1894.