## I. BAUM v. R. WILLIAMS ET UX.

### Delivered May 8, 1897.

**Homestead—Abandonment.**

The acquiring of another residence for temporary occupancy will not operate as an abandonment or forfeiture of the homestead.

APPEAL from Navarro.   Tried below before Hon. RUFUS HARDY.

*John Callicul* and *Croft & Croft,* for appellant.—Under the first assignment appellant cites the following authorities:  Sloavin v. Wheeler, 61 Texas, 654; Kutch v. Holley, 77 Texas, 220; McElroy v. McGoffin, 68 Texas, 208; Johnson v. Martin, 81 Texas, 20; Achilles v. Willias, 81 Texas, 169; Haswell v. Forber, 27 S. W. Rep., 566; Moore v. Johnson, 34 S. W. Rep., 771; Marler v. Handy, 88 Texas, 421.

*John J. McClellan,* for appellees.

FINLEY, ASSOCIATE JUSTICE.—On or about October 9, 1894, the appellant, who was plaintiff in the court below, filed his petition against the defendants, R. Williams and his wife, for the recovery of about 205 acres of land near Frost, in Navarro County, Texas, and being a part of the J. H. Blanton and a part of the J. M. Clendenning surveys.   On March 3, 1895, the defendants filed their second amended answer, in which they claimed the land as their homestead.

Plaintiff filed a supplemental petition afterward, denying it was a homestead, and setting up that defendants had abandoned same as a homestead in 1890, and moved to Wilbarger County, where they acquired a new homestead on 160 acres of school land, which R. Williams had purchased from the State of Texas under the laws regulating the sale and purchase of school land from the State.   This purchase of school land was made on January 4, 1892.   The plaintiff also set up the fact that he was an innocent purchaser of said land at execution sale for a valuable consideration, and without any notice of the defendants' pretended homestead claim to said land, etc.

June 8, 1896, said cause came on for trial.   Defendants took a jury, and the case was tried before the jury, resulting in a verdict and judg-

ment for the defendants for all the land in controversy, except twenty acres, as homestead, and a verdict and judgment for the plaintiff for twenty acres of the land off of the north end of the Clendenning survey; from which judgment the plaintiff has appealed.

There was but one issue of fact involved upon the trial, namely, was the land in controversy, other than the twenty acres recovered, the homestead of the defendants when levied upon and sold? The evidence warranted the conclusion that it was the homestead, and in support of the verdict of the jury we so conclude.

The first assignment of error complains of the charge of the court, wherein the court instructed the jury, that "if Williams never intended permanently to abandon his Navarro County homestead, and change his residence, and never acquired any other land residence in Wilbarger County * * * with the intention of making such Wilbarger place his home," then the Navarro County place continued to be his home. The particular objection urged against the charge is the use of the expression *"permanently* abandoned."

There was no dispute in the evidence as to the fact that the property was at one time the homestead of Williams. The contention arose over the issue of abandonment of the homestead. The effect of the charge was, that a temporary leaving of the homestead, and acquirement of another residence, without intention of making it the homestead, would not constitute the abandonment of the original homestead. The temporary leaving of the homestead, with the intention of returning and again occupying it as the home, has never been treated as an abandonment. It would be quite an unreasonable restriction upon the liberty of the citizen to require that he must remain constantly upon the homestead premises, under penalty of forfeiture of his homestead rights. To hold that he should suffer like penalty upon acquirement of a temporary residence, would be equally unreasonable, and go far toward destroying the effectiveness of our homestead exemption. When the homestead character has once attached to property, it will continue to be the homestead until the owner voluntarily changes its character by disposing of the property or leaving it with the intention of not returning and occupying it as a home. The fact that another residence has been acquired may be looked to in determining the intention of the person leaving the homestead, but the acquirement of another residence for temporary occupancy will not have the effect to operate as a forfeiture of the homestead. We find no error in this charge. Scott v. Dyer, 60 Texas, 135; Cameron v. Gebhard, 85 Texas, 615; Franklin v. Coffee, 18 Texas, 417; Foreman v. Moroney, 62 Texas, 723; Thorn v. Dill, 56 Texas, 145; Curtis v. Cockrell, 28 S. W. Rep., 129; Benevides v. Gusset, 28 S. W. Rep., 113.

The second and third assignments of error complain at the refusal of special charges. The main charge of the court fairly submitted the case to the jury, and there was no error in refusing the charges asked.

The fourth assignment of error attacks the verdict as not being sup-

ported by the evidence, and contrary to the law as charged. The record does not sustain the assignment.

Judgment affirmed.

*Affirmed.*

Writ of error refused.