## COOPER CO., Inc., v. WARWICK et ux.
### No. 1869.

Court of Civil Appeals of Texas. Waco.
June 9, 1938.

Rehearing Denied Oct. 13, 1938.

Nat Harris, Mabel Grey Howell, and Witt, Terrell & Witt, all of Waco, for appellant.

Bryan & Maxwell and Stansell Bryan, all of Waco, for appellees.

GALLAGHER, Chief Justice.

Appellees, Will Warwick and wife, sued appellant, The Cooper Company, Inc., to cancel a certain note and deed of trust executed by them to appellant and to set aside the sale to appellant of a tract of land containing 203 acres, which sale had theretofore been made under said deed of trust to satisfy said note. As ground for such relief, appellees claimed that the indebtedness which said note purported to evidence had been paid; that the deed of trust which purported to create a lien on said tract of land to secure said note had been fraudulently altered, and that the property described therein was at the time of the execution of such deed of trust and continuously thereafter their homestead. Appellant, in its answer, asserted the validity of said indebtedness, denied the alteration of said deed of trust and appellees' claim of homestead rights in said land, and pleaded affirmatively that if the same had ever been the homestead of appellees, it had been abandoned as such by them long prior to the execution of said deed of trust. Appellant asked that its title to said tract of land be quieted, or in the alternative, for judgment for its debt and for foreclosure of its lien on said land to secure the payment of the same. The pleadings of the parties cover thirty-five pages of the transcript and can not therefore even be epitomized without unduly extending this opinion.

The case was submitted to a jury on forty-six special issues, and the court, on the answers of the jury in response thereto, rendered judgment in favor of appellees cancelling said note and deed of trust, setting aside the sale and deed of conveyance made to appellant thereunder, removing the cloud cast upon appellees' title to said land and vesting title thereto in appellees free of any and all claims or liens thereon asserted by appellant.

## Opinion

Appellant presents a group of propositions in which it contends that the court erred in the manner in which the issue of abandonment of the 203 acre tract as a homestead was submitted. It is conceded that said tract was at one time the homestead of appellee and was used and occupied as such by him and his family. In the year 1913, desiring to provide a better and more convenient means of educating his children, he purchased a 5½ acre tract of land in the nearby town of Axtell, erected a house thereon and moved into the same with his family. He engaged in the mercantile business in Axtell and continued such business until about the year 1925. When he moved from said 203 acre tract it was his intention and declared purpose to return and reside thereon when his children were through school. He testified that he had maintained such intention continuously until the time of trial. When he moved to the new place in Axtell he left his teams, farm implements, cattle, hogs and chickens on the farm. Thereafter some of the family continuously went to and fro to milk the cows. He butchered hogs on the farm and used the meat for his family. He also at various times cultivated all or a part of the tillable land on said tract with the labor of his boys. When portions of said tract of land were tilled by others, he received a part of the crops raised. It is of course impracticable to recite all the testimony pro and con on the issue of abandonment of homestead rights in the 203 acre tract and the transfer of such rights to the place in Axtell. We are of the opinion that a jury question on such issue was presented by the evidence. Blanks v. First Nat. Bank, Tex.Civ.App., 44 S.W.2d 393, pars. 2 and 4, writ refused; Chalk v. Daggett, Tex.Com.App., 257 S.W. 228, 231, par. 3, and authorities there cited; Baum v. Williams, 16 Tex. Civ.App. 407, 41 S.W. 840, writ refused

and authorities there cited; Parker v. Schrimsher, Tex.Civ.App., 172 S.W. 165, pars. 7 and 9, writ refused; Wiener v. Zweib, Tex.Civ.App., 128 S.W. 699, pars. 2 and 3, affirmed 105 Tex. 262, 141 S.W. 771, 147 S.W. 867; Houston Chronicle Publishing Co. v. Allen, Tex.Civ.App., 70 S.W.2d 482, pars. 1 and 4; City Nat. Bank of Bryan v. Walker, Tex.Civ.App., 111 S.W.2d 350.

Appellant pleaded abandonment by appellee of said 203 acre tract as his homestead as an affirmative defense, and at the proper time, requested the court to submit an issue inquiring whether appellee Will Warwick had abandoned the same. The court refused the issue as prepared and requested and submitted in lieu thereof the following: "Do you find from the evidence in this case that the plaintiffs, Mr. and Mrs. Warwick, abandoned the 203 acre tract of land as their homestead, as the term 'abandonment' has hereinbefore been defined to you?" Said term was defined as follows: "To abandon a homestead means for the husband and wife constituting the family to move from the place claimed and used as a home with the intention upon the part of the husband and wife never to return to the same, to occupy or to use the same as a home." The jury answered said issue "No". Mrs. Warwick was not examined as a witness and there was no testimony with reference to her intention concerning the matter of abandonment. Appellant objected to the manner in which such issue was submitted on the ground, in substance, that a husband, acting in good faith, has a right to abandon a homestead already acquired, without the consent or concurrence of his wife, and that the issue as submitted and the definition of abandonment made a part thereof placed a greater burden upon it than was imposed by law by requiring Mrs. Warwick to join or concur in the intention to permanently abandon said tract as a homestead before removal therefrom could constitute an abandonment of homestead rights therein. The right of the husband alone, when acting in good faith and not in fraud of his wife's rights, to abandon an existing homestead by removing therefrom with his family with the definite intention never to return and occupy the same as a home, is recognized by numerous decisions of our Supreme Court and other courts of this state. Slavin v. Wheeler, 61 Tex. 654; Hudgins

v. Thompson, 109 Tex. 433, 211 S.W. 586, 587, par. 3, and authorities there cited; Schulz v. L. E. Whitham & Co., 119 Tex. 211, 27 S.W.2d 1093, par. 1; Miller v. Southland Life Ins. Co., Tex.Civ.App., 68 S.W.2d 558, 562, par. 7, and authorities there cited; Sanders v. Life Insurance Co., Tex.Civ.App., 57 S.W.2d 327, pars. 1 and 2; Gross v. White, Tex.Civ.App., 67 S.W.2d 895, par. 1, and authorities there cited; Woolf v. Smith, Tex.Civ.App., 86 S.W.2d 67, par. 1. The court therefore erred in defining abandonment and in the manner in which such issue was submitted to the jury for determination.

██ Appellees assert that if such manner of submission was erroneous, the error was rendered harmless by the fact that the court, in accord with appellees' contentions, submitted issues inquiring, in substance, whether appellee Will Warwick moved from said 203 acre tract to Axtell for the purpose of sending his children to school; whether, at the time he did so, he intended to return with his family and occupy and use said tract as a home when his children finished school, and whether such intention on his part had existed continuously ever since he moved from said tract, all of which were answered in the affirmative. Appellant presented its plea of abandonment as a defense to appellees' claim of continued homestead right in said tract of land, and it was entitled to an affirmative submission thereof. It frequently happens, as in this case, that the affirmative submission of the plaintiff's case, by necessary implication, negatives a defensive issue, but this does not affect the defendant's right to have such issue affirmatively submitted. 41 Tex.Jur., p. 1117, and authorities cited in note 7; Speer's Special Issues, p. 247, sec. 191, and authorities cited in note 8; Johnson v. Neeley, Tex.Civ.App., 36 S.W.2d 799, 800, par. 1, and authorities there cited; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268, par. 1; Singer Iron & Steel Co. v. Republic Iron & Metal Co., Tex.Civ.App., 80 S.W.2d 1037, 1039, par. 2, and authorities there cited; Texas & P. Ry. Co. v. Hargrave, Tex.Civ.App., 1 S.W.2d 740, par. 5, affirmed, Tex.Com.App., 12 S.W.2d 1009, par. 9; Southern Underwriters v. Stubblefield, Tex.Civ.App., 108 S.W.2d 557, par. 1. Appellees' contention is therefore overruled.

The judgment of the trial court is reversed and the cause is remanded.