# GALVESTON TERM, 1870.

## DANIEL BIRD v. S. P. MONTGOMERY.

1. No second suit to settle boundaries is allowed by the law of this State, by and between the same parties, and in relation to the same subject matter. And when the suits are, in their real nature, suits to settle disputed boundaries, it is immaterial that nominally and in form they are brought as actions of trespass to try title ; and the defense of *res adjudicata* is available against the second suit in like manner as though the suits were, in form as well as in fact, equitable proceedings for the settlement of the disputed boundary.

2. Trespass to try title is an action peculiar to our system, and was adopted for the trial of titles, and not for the mere establishment of boundary

lines when there is no controversy over the titles of the parties litigant. And it is to be remarked that it is only after the determination of a first action of trespass to try title, and not during its pendency, that a second action can be brought. (Paschal's Digest, article 5299.)

3. In an action by B. against P., to settle a disputed boundary, there was judgment final against B., the plaintiff. *He'd*, upon the principle of *res adjudicata*, that this judgment is a bar against a subsequent suit of the same character, and about the same boundary, brought by the same plaintiff against a different defendant, who claimed under the same title as P., the defendant in the first suit, did.

APPEAL from Walker.

Neither the transcript of this cause, nor the briefs, have reached the hands of the Reporter. The character of the case, however, is clearly disclosed by the opinion of the court; which indicates, also, the material facts. And if more minute information is desired, doubtless the case of Bird v. Pace, 26th Texas, 487, may be relied on to furnish it.

WALKER, J.—This case is nominally an action of trespass to try title, but is really in the nature of a proceeding in chancery to settle a disputed boundary line between coterminous proprietors; and this is the second time the case has been before this court, for we find it in every essential attribute the same case as that decided in 26 Texas Reports, p. 487. The first case is that of Bird v. Pace. Pace was a tenant of the heirs of Hodge. This is the case of Bird v. Montgomery, who is also tenant of the heirs of Hodge. In both cases the tenants are but the "Richard Roes" of the action. The heirs of Montgomery are the real defendants. This action was brought during the pendency of the former suit in this court. There is no dispute about the title in either case. The plaintiff claims under Ford, the defendant under Hodge; neither party disputes the other's title.

The whole subject of controversy is in reference to the beginning corner between the Hodge and the Ford leagues, and the boundary

lines. The evidence is conflicting, but we believe the verdict of the jury is fully supported by the evidence for the appellees, and, we should affirm the judgment below for anything we see in the rulings of the court, but we are asked to determine the case upon another ground, and feel it our duty to do so.

Trespass to try title is an action peculiar to our system. On the 16th of March, 1840, we adopted the common law, except the pleadings and forms of action, and at the same time our Legislature struck out this peculiar mode of trying title, and adopted it, giving a defeated plaintiff a second action, provided he brought it within one year after the termination of his first. And here it may be remarked that the law, (Paschal, article 5299,) does not authorize the bringing of a second action pending the decision of the first; but only after the Supreme Court has decided the first action against him could the plaintiff bring a second suit. At common law the plaintiff could bring as many actions of ejectment as he saw proper, or could at least go on until enjoined by a court of equity. Our Legislature confined the right to a second action, and, upon principles of policy everywhere recognized in our adjudications, the right can only be strictly pursued, and the provisions of the law granting it must be observed; but it is unnecessary to pursue this branch of the case further.

The court, in Bird v. Pace, say, "By his amended petition, the plaintiff alleges a necessity for a decree fixing the boundary between the two surveys, and prayed that it might be made. No exceptions were taken by the appellees, either to the allegations of the petition or the prayer; but on the contrary they amended their answers, and invited of the court a like action. It is argued that the decree of the court fixing the boundary between the two leagues, may bar or estop appellant from bringing a second action to try his title to the land in dispute; but this question is not involved in the case now before us, and it is not, therefore, one on which at present it is proper that we should express an opinion."

The language of the court is clear that the question of estoppel was still an open question, though this case was decided subsequent to the case of Allen v. Stephanes, 18 Texas Reports, 658. Dangerfield v. Paschal, 20 Texas Reports, and the cases of Lewis v. The City of San Antonio, 26 Texas Reports 306, and Martin v. Weyman, 26 Texas Reports, 460, were decided about the same time, and we think are not in conflict with our opinion in this case. This is not the statutory action of trespass to try title, but clearly, let it be called by whatever name, a proceeding in equity to establish a boundary line. The parties shaped their pleadings to make such a case; they invited in the appropriate prayer for such a decree, and they got it.

Regarding this action as identical with the action of Bird v. Pace, having the precise subject matter in view; being by and between the same parties (for the heirs of Hodge, the landlords, are the real defendants in both suits); the same question of boundary, and the same absence of any actual question of title; we are compelled to regard the suit as *res adjudicata*, and bound by the action of Bird v. Pace.

This suit will therefore be dismissed at the cost of the appellant.

Dismissed.