ORSINI ZAPP v. JOHN STROHMEYER.

No. 2738.

1. **Homestead—Divorced Husband.**—Whether a divorced husband is a head of a family does not depend upon the actual and constant presence of his children at his house. Where, after a divorce, no disposition having been made of the children by the court, the children reside temporarily with their mother, the father does not renounce his character as head of the family by an acquiescence in such disposition of its members.

2. **Same—Case in Judgment.**—The wife obtained a divorce. The homestead was divided between the divorced parties. The children remained with the mother, except a son fifteen or sixteen years old who worked about in the neighborhood, who sometimes visited his father, but did not live with him. No disposition was made of the children in the decree for divorce. The execution for costs was levied upon the husband's part of the divided homestead, upon which he resided. *Held,* that the land was exempt as homestead.

3. **Same.**—The question of who was in fault in the divorce suit is of no consequence; and it seems that a homestead should be exempt as well where the marriage relation was dissolved by divorce as by death.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion states the case.

*W. S. Robson* and *A. J. Rosenthal,* for appellant.—1. The homestead is exempt to the family, and upon the death of either of the spouses it is reserved to the survivor. A divorced husband without a family is not in legal contemplation a survivor of a family. The family having been destroyed by legal process, we must look to all the facts and the actual existing surroundings to determine the exemption. Const., art. 16, secs. 50, 52; 31 Texas, 677; Rev. Stats., art. 2335; 50 Texas, 483; 48 Texas, 517; 57 Texas, 119; 64 Texas, 471.

2. When one entitled to the homestead exemption voluntarily abandons same, the homestead right ceases; and when one so entitled, by his own culpable wrongdoing severs or destroys the family relations, he will not be permitted to take such an advantage of his own wrong as to claim the exemptions that arise from a proper social relation, which he has destroyed. 8 Texas, 312; 9 Texas, 630; 45 Texas, 537; 64 Texas, 705; 45 Texas, 588; 63 Texas, 613.

No brief for appellee has reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—On the 12th day of March, 1884, John Strohmeyer, appellee, and his wife owned and lived upon 189 acres of land in Fayette County, Texas, and same was their homestead. On the 21st day of March, 1884, the wife brought an action for a divorce and partition of property. A divorce was granted, and said real estate, together with their personal property, was partitioned, the wife receiving

—— acres of land jointly owned by them, and the appellee received the ·62 acres of land in controversy in this suit. On the 27th day of January, 1887, an execution for costs in said suit was sued out under said judgment against appellee and placed in the hands of the sheriff, and by him levied upon the land in controversy, and same was properly sold.

Appellant acquired the title claimed by him under that sale, and brought this suit in the form of an action of trespass to try title to recover the property.

That portion of the land that the family had resided on was allotted to the husband in the partition of the homestead, and he never changed his residence from it.

At the time the divorce was decreed the parties had minor children residing at home as members of the family. The decree of the court did not give the custody of the children to either of the spouses.

With the exception of one, the children remained with their mother. One son, then about fifteen or sixteen years of age, works about the neighborhood, and sometimes visits his father, but does not make his house his home.

In giving his conclusions of law the district judge used the following language, which we fully approve:

" Whether a divorced husband is the head of a family does not depend ·on the actual and constant presence of his children at his house. When, as in this case, the children reside temporarily with their mother, the father does not renounce his character as head of the family by an acquiescence in such disposition of its members. The natural and legal ties existing between the father and his children continued unimpaired. Many causes were liable at that time to arise which must have occasioned the restoration of even perfectly normal relations between the father and his children. From their own choice, or at the instance of their father, the children might have resumed their residence at the old home place."

In the case of Taylor v. Boulware, 17 Texas, 77, the wife died, leaving her husband without children. The court said: "If he had been without servants or any one with him after the death of his wife, it would still have been his homestead so long as it continued to be his residence, and protected from a forced sale." Kessler v. Draub, 52 Texas, 579; Blum v. Gaines, 57 Texas, 119.

The reasons for protecting the homestead right where the marriage relation has been terminated by a divorce, are as strong as when it has been dissolved by death.

The question of who was in fault in the matter of the divorce can have no proper influence in determining the question of homestead. The head of the family, or the two heads of familes that there may be after the divorce, are entitled to hold their homesteads against forced sale, without regard to the causes of divorce; provided, that as to creditors

who were such at the date of the divorce not more than two hundred acres of the existing homestead be included in the exemptions to both.

The judgment is affirmed.

*Affirmed.*

Delivered January 21, 1890.