## SPEER & GOODNIGHT v. SYKES.

No. 1949.  Decided May 12, 1909.

**1.—Homestead—Divorce.**

Though a man be divorced from his wife and she entrusted by the decree with the custody of the children and possession of the home, his status as the head of a family is not lost nor his obligations to his children terminated, and his right to a homestead remains. (P. 454).

**2.—Same.**

A wife obtained a decree of divorce against her husband, awarding her custody of their minor children, title to one half the homesetad, which was community property, and possession of the entire homestead, with a judgment for damages against him for an assault committed on her. Under this decree

she was placed in possession of the homestead, and under the judgment for damages the husband's interest therein sold and bought by her. He retained and supported the children, she making no effort to obtain their custody; and with them, on her selling the entire homestead to third parties, he moved upon it, claiming one half as his homestead. Held that his homestead rights were not terminated by the decree of divorce, nor by the order permitting her to occupy it with the children, which merely suspended them, nor by the sale of his interest under execution; and that when she sold it and abandoned possession he had a right to resume occupancy of his half thereof, with the children. (Pp. 452-455).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Upshur County.

Speer & Goodnight sued Sykes for the possession of land and recovered. Defendant appealed and secured a reversal. Appellees obtained writ of error on the ground that the judgment settled the case.

*Barnwell & Eberhart,* for plaintiffs in error.—The court having had jurisdiction of the parties and of the subject matter in the cause between Sallie Sykes and J. D. Sykes, the judgment therein rendered against him for $500 was not void, but voidable only, and the same never having been reversed or annulled is not subject to collateral attack by him in this case. Sutherland v. DeLeon, 1 Texas, 250; Lee v. Kingsbury, 13 Texas, 368; Neill v. Taring, 9 Texas, 259; Willis v. Ferguson, 46 Texas, 496; Freeman v. McAninch, 87 Texas, 138; Wooley v. Sullivan, 92 Texas, 36; 1 Black on Judgments, 298, sec. 245.

Under the judgment dissolving the marriage, Mrs. Sykes was legally made the head of a family and Sykes was not the head of a family. Bahn v. Starcke, 89 Texas, 203; Tieman v. Tieman, 34 Texas, 524; Boyd v. Ghent, 53 S. W., 704.

In divorce proceedings by the wife, where the care and custody of the minor children are awarded to her, together with possession of the homestead consisting of 160 acres, the husband is not entitled to claim the exemption of homestead in his share of the community property, and under such circumstances his interest in said land is subject to execution sale for his debts. Southwestern Mfg. Co. v. Swan, 43 S. W., 813; Stone v. McClellan, 36 Texas Civ. App., 364; Bahn v. Starcke, 89 Texas, 203.

*Hart & Hart,* for defendant in error.—Under the laws of Texas the homestead of a man who is the head of a family is exempt from forced sale for his debts. Zapp v. Strohmeyer, 75 Texas, 638; Bahn v. Starcke, 89 Texas, 203; Hall v. Fields, 81 Texas, 553.

A possessory right given for the purpose of maintaining minor children and the mother, for their support and maintenance, can not be sold and pass a title to that possessory right. The party so selling abandons thereby whatever interest or right they have in the land by reason of said possessory right.

MR. JUSTICE BROWN delivered the opinion of the court.

J. D. Sykes and Sallie Sykes were husband and wife, having

minor children. In 1903 they lived upon and owned the land in controversy, being 160 acres in Upshur County, which they claimed as their homestead and which was their community property. On the 3d day of April, 1903, Sallie Sykes filed in the District Court of Upshur County a suit against her husband, J. D. Sykes, for divorce and for the custody of the children. She also claimed one-half of the land upon which they resided and the possession and use of the whole for the support of the children. She also sought to recover from her husband damages for an assault made upon her during their marriage. Upon a trial before the judge, judgment was entered granting to the plaintiff a divorce and the custody of their children, decreeing to her title to one-half of the land and the right to the possession, use and control of the entire tract during the minority of the children. The court also gave judgment in her favor for the sum of $500 on account of the personal injury inflicted upon her by her husband during their marriage. It appeared in the judgment that this sum was for and on account of the assault made during the marriage. J. D. Sykes was living with his children upon the land when the judgment was rendered, and, soon thereafter, a writ of possession was issued out of the District Court by virtue of which the sheriff put J. D. Sykes out of possession and placed his wife in possession of the entire tract of land. J. D. Sykes took the children with him when he left the place and settled upon another tract of land a short distance from his home, where he remained, keeping house and his children living with him, until he removed again upon this property. The next day after the sheriff gave possession of the land to Mrs. Sykes an execution was issued on the judgment of the District Court for $500 damages, and for $40.95 costs of the suit. The sheriff levied the execution upon the interest of J. D. Sykes in the 160 acres of land and sold it in regular manner, at which sale Mrs. Sykes became the purchaser for $300. Within a few months after she purchased the land Mrs. Sykes sold the entire tract to the plaintiffs in error for $1000. When she sold the land to the plaintiffs in error, J. D. Sykes, with his children, moved back upon the land, claiming one-half of it as his homestead. It appears that J. D. Sykes had kept and supported the children during all the time from the date of the divorce down to the time when this suit was commenced, and has at all times had them with him as a part of his family. It does not appear that Mrs. Sykes ever made any effort to get possession of the children.

The plaintiffs in error instituted this suit against J. D. Sykes for the possession of the entire tract of land. Sykes disclaimed as to one-half and claimed the other undivided half as his homestead. The case was tried before the court without a jury and judgment rendered in favor of the plaintiffs in error. From this judgment Sykes appealed and the Court of Civil Appeals reversed the judgment of the District Court, holding that a half interest in the land was the homestead of Sykes during all the time, and that it was not the subject of sale under the execution issued upon the judgment of divorce, and therefore the sale was void, and that

the plaintiffs in error got no title to the land.  Application was made to this court for writ of error upon the ground that the judgment of the Court of Civil Appeals practically settled the case.

The land in controversy being the homestead of J. D. Sykes and his wife at the time of the institution of the divorce suit and at the time the decree was entered, the homestead character of the land was not destroyed unless the judgment of the court had that effect. The fact that the court awarded the custody of the minor children to the wife did not deprive Sykes of his paternal interest in them, nor did it discharge him from his legal and moral obligation to care for and support them.  They were still his offspring and a part of his family.  Hall v. Field, 81 Texas, 553; Zapp v. Strohmeyer, 75 Texas, 638.

In Hall v. Field, the object of the proceeding was to secure the use of the father's homestead to the minor children after his death, he having been divorced from their mother.  The decree of divorce gave the custody of the minor children to the mother and they actually lived with her, yet the Supreme Court held that the divorced husband continued to be the head of a family and was entitled to a homestead under the Constitution.  Although the children did not live with him, they constituted a part of his family. It could not be that the children were entitled to the homestead unless the father was the head of a family at his death.  The facts in this case are more favorable to Sykes' claim of homestead than in Hall v. Field.  The facts which favorably distinguish this case from Hall v. Field are in this case the children actually lived with the father and constituted a part of his family, while in that case the children lived with the mother.  Mrs. Sykes did not claim the benefit of the decree which awarded to her the custody of the children, while in the case of Hall v. Field the mother did avail herself of a similar order, took control of the children, and kept them with her.  The case cited has not been questioned and clearly settles the law to be that although a man be divorced from his wife and his children live separately and apart from him, his status as the head of a family is not lost, therefore, his right to a homestead remains.

There is one fact in this case which did not exist in the Hall case; that is, the District Court decreed to the wife one-half of the land in her own right as a part of the community property and decreed to her the use of the whole tract during the minority of the children.  At the commencement and termination of the divorce suit Sykes was actually living upon the land, and, having been put off of it by the process of the court, he did not lose his homestead right in the land by any act of his own.  The decree did not purport to divest his homestead right, but suspended his right of possession during the time the wife should use it to support the minor children.  The homestead right of Sykes still existed.  The use of the land for the support of the children was never claimed by Mrs. Sykes; she not only abandoned the children, but abandoned the home and sold the entire property, thereby terminating her right within

less than a year after the decree was entered, and, the land then being owned jointly between her vendee and Sykes, he had the right to resume the occupancy of his half as his homestead. These facts show conclusively that the homestead right which was vested in Sykes at the time the decree was entered has never been legally divested. At the time the divorce was granted he was the head of a family and the homestead was exempt from sale. At the time the execution was levied he was the head of a family, therefore, the homestead was still exempt from forced sale. There had been no change either in the status of Sykes or in his homestead right; the levy and sale of the land were absolutely void and. conveyed no title to the purchaser.

Since we agree with the Court of Civil Appeals in their conclusion upon the facts of this case it becomes our duty. to render judgment. It is therefore ordered that the judgment of the Court of Civil Appeals remanding the case be set aside, and that judgment be rendered in favor of J. D. Sykes for an undivided one-half interest in the land as it is described in plaintiffs' petition, and that Sykes recover all costs of all courts against the plaintiffs in error. It is further ordered that this cause be remanded to the District Court of Upshur County with instructions that the land be equally partitioned between the plaintiffs in error and the said J. D. Sykes.

*Rulings of Court of Civil Appeals affirmed and judgment rendered.*