### SHOOK v. SHOOK.†

(Court of Civil Appeals of Texas. Dallas. Feb. 24, 1912. On Motion for Rehearing and for Additional Findings of Fact, March 23, 1912.)

1. DIVORCE (§ 254*) — OPERATION — PROPERTY RIGHTS—CONCLUSIVENESS OF JUDGMENT.

A decree of divorce adjusted the property rights of the parties, determined what was community property and what the separate property of the wife, and provided that, if any of the wife's separate property should be taken in payment of community debts, her right to reimbursement should be considered in making a partition. No question was raised in regard to the whole of the community property being a homestead. On the partition, the husband claimed that his share in the community property could not be subjected to the payment of debts due the wife, because it was a homestead. *Held*, that the court did not err in refusing to hold that this question was decided against the husband by the divorce decree.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 718–720; Dec. Dig. § 254.*]

2. DIVORCE (§ 252*)—DIVISION OF PROPERTY —SALE.

In an action for divorce and partition of the community property, if the homestead of the parties is not susceptible of partition, it will be sold.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 713–715; Dec. Dig. § 252.*]

3. HOMESTEAD (§ 76*)—SALE—EXEMPTION OF PROCEEDS.

On the sale of a homestead, the proceeds remain exempt for six months if not sooner invested in a new homestead.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 76.*]

On Motion for Rehearing and for Additional Findings of Fact.

4. HOMESTEAD (§ 18*)—DECREE—EFFECT.

A decree of divorce, awarding the custody of the children to the wife, does not destroy the husband's status as the head of the family, since he is still bound to support the children if the wife fails to do so; and hence he may claim a homestead exemption.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 22–27; Dec. Dig. § 18.*]

5. DIVORCE (§ 249*)—DIVISION OF PROPERTY —JURISDICTION.

A district court, in a divorce action, may determine the property rights of the parties, but it cannot subject the husband's interest in the homestead to the payment of claims by the wife for counsel fees and reimbursement for community debts paid out of her separate property.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 701–705, 707, 709, 710, 712; Dec. Dig. § 249.*]

Appeal from District Court, Navarro County; N. B. Daviss, Judge.

Action for divorce by Carrie B. Shook against J. O. Shook. From a judgment modifying the report of commissioners appointed to partition the community property, plaintiff appeals. Affirmed.

See, also, 145 S. W. 699.

Richard Mays, for appellant. W. W. Ballew, for appellee.

RAINEY, C. J. Appellant brought suit against appellee for divorce, for custody of their children, and for division of their property. A judgment was rendered granting the divorce, awarding appellant the custody of the children, adjudicating their property rights, and appointing commissioners. Appellee appealed from that judgment, and the judgment was affirmed. Shook v. Shook, 125 S. W. 638. After the return of the mandate, the commissioners proceeded to partition the property in accordance with the judgment and filed their report. The report of the commissioners was excepted to by J. O. Shook; his exceptions being filed on November 12, 1910. Appellant replied thereto setting up the defenses hereinafter urged, and specially that the original judgment was res adjudicata as to matters set up by appellee, Shook, and that the homestead alleged had been destroyed and the Shook family dissolved, under the terms of said decree, and that the court had power to adjust the equities between the estates of the parties, and to adjudge the costs, attorney's fees, etc., against the property of the respective parties and charge the same with liability therefor. The cause came on for hearing upon the exceptions to the report of the commissioners on December 17, 1910, and the court rendered a decree approving the report, except in so far as it undertook to set aside a sufficiency of the community property to indemnify and reimburse Mrs. Shook for the value of her separate property which had been used to pay off community debts, and in so far as said report undertook to subject J. O. Shook's community interest to the payment of $250, allowed as attorney's fee and declared to be a lien thereon. The court held that J. O. Shook's interest in said community real estate was his homestead, and was not liable for the payment of the above sums of money, but held that J. O. Shook was personally liable to Mrs. Shook therefor; and

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

the court rejected that part of the report. Appellant excepted to the judgment so rendered, and gave notice of appeal therefrom."

The trial court's conclusions of fact are as follows:

"First. I find as a fact that the property to be divided by the commissioners of partition was the homestead of plaintiff and defendant at the time of the divorce on December 8, 1908, and their household goods and furniture situated therein, which was the community property of the parties, and belonged to them equally.

"Second. I find as a fact that the commissioners of partition have made a partition and division of the community personal property belonging to plaintiff and defendant; and that said partition thereof so made by them is just, fair, and equitable, and should be approved.

"Third. I find as a fact that the real estate which was to be divided, and which was set apart by the commissioners to Carrie B. Shook with a lien fixed thereupon in favor of J. O. Shook for $250, was the aforesaid homestead of Carrie B. Shook and J. O. Shook at the time of their separation. I find that the same is now so used and occupied by plaintiff, Mrs. Carrie B. Shook. I find that J. O. Shook has no other homestead than his said undivided one-half interest in said property, and I find that he has been prohibited from using and occupying said homestead by the injunction of this court.

"Fourth. I find as a fact that J. O. Shook is the head of a family, and that he is yet liable for the support of his minor child Merle B. Shook; and I find that as such head of a family he is entitled to have his community one-half interest in said homestead property exempt to him under the Constitution and laws of Texas.

"Fifth. I find as a fact that the commissioners of partition by their partition and report thereof have attempted to divest title out of J. O. Shook to his one-half interest in said homestead property, and to set apart the entire property to Carrie B. Shook charged with a lien of $250, in the attempt to satisfy the judgment of $250 rendered in favor of Carrie B. Shook against J. O. Shook in the original divorce suit, and the community debt of $1,675 for which the property situated on Seventh avenue in the city of Corsicana, Tex., and known as 'the rent property' or Caruthers property, was sold by W. H. Church, trustee, to pay the note and deed of trust executed by the Shook Company to the First National Bank for $1,675. And I find that the commissioners of partition have thus attempted to charge the interest of J. O. Shook in said homestead with the aggregate of said two items of $250 and $1,675, to wit, $1,925.

"Sixth. I find as a fact that what is known as 'the rent property' or Caruthers property, and which was and is the separate property of plaintiff, Mrs. Carrie B. Shook, was since the rendition of the original judgment in this case, on, to wit, March 2, 1909, sold by said trustee to pay off a debt of $1,600 of the Shook Company. I find that said debt with interest amounts to $1,675, and is the community debt of plaintiff Mrs. Carrie B. Shook and of defendant J. O. Shook; and I find that J. O. Shook was and is liable to pay Mrs. Carrie B. Shook one-half of said $1,675, or '$837.50, not all of it, and that he also owes and is liable to pay her the $250 recovered by her against him in the original judgment, together with 6 per cent. interest thereon from December 8, 1908.

"Seventh. I find as a fact that the original judgment in this divorce suit gave possession, custody, control, and nurture of Ford and Merle Shook, the two minor children of plaintiff and defendant, to plaintiff, Mrs. Carrie B. Shook, and that by its express terms said judgment charged and fixed the liability of Mrs. Carrie B. Shook for their support, maintenance, and education. I find that Ford Shook is now of full age.

"Eighth. I find as a fact that said original judgment gave J. O. Shook the right to have possession of Merle one day in each week thereafter, and that J. O. Shook has not had possession of Merle except at infrequent intervals since said judgment and decree of divorce. I find that J. O. Shook has had possession of Merle only as it suits his convenience and inclination at infrequent intervals, and that as much as one month or more sometimes intervenes between his requests for possession of Merle. I find that J. O. Shook has not contributed anything towards the support of Merle Shook, except to provide and furnish her with certain personal apparel, and small amounts of money amounting in the aggregate in all to from $60 to $75 since the date of said divorce decree.

"Ninth. I find as a fact that under the terms of said judgment and decree of divorce plaintiff, Carrie B. Shook, and defendant, J. O. Shook, each own an undivided one-half interest in the property sought to be partitioned, to wit, the homestead and personal property. I find that since separation of plaintiff and defendant in January, 1908, said property has not been used and occupied by both plaintiff and defendant as their joint common homestead. I find that it is impossible for this thing to be done, as J. O. Shook was enjoined from so using and occupying it, and that Mrs. Carrie B. Shook was awarded the right to use and occupy same as the homestead of herself and said minor children, Ford and Merle Shook. And I find that since the divorce suit said homestead has been and is now incapable of equitable partition into parcels, and has not and could not under the circumstances be jointly occupied by plaintiff and defendant at the same time.

"Tenth. I find as a fact that for several months prior to said judgment and decree

of divorce, and since until the present time, J. O. Shook had had a room fitted up over Waring Bros. store in the Haynie & Kerr building where he stays while in Corsicana. I find that he travels out of Corsicana selling medicines, etc., as his business. I find that J. O. Shook has not married since his divorce from Carrie B. Shook, and that he has no one dependent on him for support, except Merle, in the event Mrs. Carrie B. Shook should fail or refuse to support and maintain her.

"Eleventh. I find that the Shook Drug Company was not organized and incorporated as required by law to give it a legal status as a corporation, but, said name, 'The Shook Company,' was used by J. O. Shook in conducting a drug business in the city of Corsicana, the property of which (except certain real estate determined in the original decree to be the separate property of Mrs. Carrie B. Shook), and the debts of which, was the community property and the community liability of plaintiff Mrs. Carrie B. Shook and defendant J. O. Shook, and in which they each own an undivided one-half interest and for which they each incurred a one-half liability. I find that said original judgment so determined the rights of the parties, and thereafter all the property of the Shook Company then on hand was sold to T. C. White for $600, upon application ma'de by J. O. Shook to.this court and authority properly granted him so to do. And I find that said sale of said property was confirmed by this court, and said $600 was used in paying off community debts of Carrie B. Shook and J. O. Shook, to wit, debts of the Shook Company.

"Twelfth. I find as a fact that the original judgment and decree of divorce determined the property rights between plaintiff, Mrs. Carrie B. Shook, and defendant, J. O. Shook, and was rendered on December 8, 1908. I find that J. O. Shook appealed from this judgment, and pending his said appeal he sold the property involved in this suit, together with all the property recovered by him in said original judgment, to F. S. Shook, and conveyed same to him by warranty deed duly executed and acknowledged on February 9, 1909. I find that said judgment so appealed from was some time thereafter affirmed by the Court of Civil Appeals at Dallas, and application for writ of error therein denied by the Supreme Court of Texas. See 125 S. W. 638. I find that on March 7, 1910, F. S. Shook incumbered the property involved in this report of partition by executing a deed of trust thereon to secure the First National Bank of Corsicana for $1,000 borrowed money, due 12 months after date. And I find that neither F. S. Shook nor said bank were parties to this partition proceeding and contest thereof, and that J. O. Shook does not assume to act for or represent them herein.

"Thirteenth. I find as a fact that J. O.

Shook owns no other real estate or homestead except that involved in this partition."

The foregoing conclusions of fact are adopted.

[1] The first assignment of error complains of the holding of the court as follows: "The court erred in holding that defendant's right to hold his undivided half interest in the community real estate in controversy exempt from liability, because of its being homestead, and that it could not be applied to the adjustment and satisfaction of equities and other liabilities on partition, arising between plaintiff and defendant, and between their community estate and plaintiff's separate estate, had not been adjudicated in the judgment of divorce."

The original decree of divorce adjusted the property rights of the parties as to what was community property and what was separate and what was due the wife by the husband; but the question arises in making the decision: Can the interest of J. O. Shook in the homestead, which is community property, be subjected in the partition to the payment of her claim against him? To subject the homestead to the payment of her claim would consume part of his one-half thereof.

The decree of divorce provided: "In event plaintiff's (Mrs. Shook's) separate property shall be taken in payment of the community debts of plaintiff and defendant, then her claim for reimbursement out of the community estate is hereby recognized and preserved and shall be considered in making a partition, if she shall have then been compelled to pay said debts." At the time of its rendition, there was no question of homestead raised, nor as to all of the community property on hand being a homestead, and that it would require a sale thereof to make a division. That appellee's one-half of the homestead or part thereof should be appropriated to the payment of Mrs. Shook's debt against the community estate was not in contemplation of the court.

At the time of the separation, the parties were occupying the property as a homestead, and the decree of divorce did not affect its character. It gave the custody of the children to Mrs. Shook, notwithstanding appellee was not deposed as the head of a family nor deprived of his right to hold a homestead exemption. He had children in whom he had a paternal interest and to whom he owed the legal and moral obligation to care for and support. Speer v. Sykes, 102 Tex. 451, 119 S. W. 86, 132 Am. St. Rep. 896; Hall v. Fields, 81 Tex. 553, 17 S. W. 82; Zapp v. Strohmeyer, 75 Tex. 638, 13 S. W. 9.

In Speer v. Sykes, supra, it is said: "The land in controversy being the homestead of J. D. Sykes and his wife at the time of the institution of the divorce suit and at the time the decree was entered, the homestead character of the land was not destroyed unless the judgment of the court had that effect.

The fact that the court awarded the custody of the minor children to the wife did not deprive Sykes of his paternal interest in them, nor did it discharge him from his legal and moral obligation to care for and support them."

[2, 3] The homestead not being susceptible of partition in kind, it can be sold for that purpose, but the proceeds will be exempt for six months thereafter, if not sooner invested in a home. Kirkwood v. Domnau, 80 Tex. 645, 16 S. W. 428, 26 Am. St. Rep. 770.

Appellee, being entitled to hold a homestead interest and his interest in the community property here in controversy, is not subject to the payment of the judgment for attorney's fees, nor appellant's claim for the value of expenditure of her real estate.

The judgment is therefore affirmed.

### On Motion for Rehearing and for Additional Findings of Fact.

[4] After the rendition of the judgment for divorce, J. O. Shook's status was that of an unmarried man, the relation with his wife having been severed, and she then constituted no part of his family. The divorce, however, did not sever the relations between him and his children. It is true their care and custody was awarded to the wife, Carrie Shook; but this decree did not discharge him from his legal and moral obligation to care for and support them should the wife fail to do so. These obligations resting upon him, his status as the head of a family continued after the divorce, though he had formed no new connections to constitute him the head of a family.

[5] The district court had the right in the divorce suit to settle the property rights of the parties, and it did so in this suit. With the exception of some household and kitchen furniture, the homestead constituted all of the community property. This being all of the community property, the court did not have the authority to subject J. O. Shook's one-half to the payment of Mrs. Shook's claim, it being the homestead, as provided by the judgment, as the judgment was inoperative as to that property.

Motion overruled.