## SCRIPTURE v. SCRIPTURE.    (No. 8551.)

(Court of Civil Appeals of Texas. Dallas. May 28, 1921.)

1. **Homestead**  ⬤➡150(1)—Divorced wife as guardian of their minor child could apply to have deceased husband's homestead set apart for use of child.

While a divorced wife could not assert any claim to the homestead of her deceased husband, yet she, as the duly constituted guardian of their minor daughter, could apply to the county court to have the homestead which he occupied at the date of his death set apart for the occupation and use of such minor.

2. **Homestead**  ⬤➡142(1)—Decedent's homestead may be set over to minor daughter living with decedent's divorced wife.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3413, provides that exempt property must be set apart for the use of widow, minor children, and unmarried daughters remaining with the family of the deceased, and the qualification "remaining with the family" does not apply to minor children, so that a minor daughter under custody of decedent's divorced wife may have the use and occupation of the homestead set over to her.

3. **Homestead**  ⬤➡142(1)—Father legally bound for child's support after divorce giving custody to wife so that such minor may have homestead set apart.

The fact that decedent was single when he died did not affect the right of a minor daughter living with decedent's divorced wife to have the homestead set aside for such minor's use, for, notwithstanding the marriage status had been dissolved by the divorce decree, and the custody of the child awarded to the mother, and that they did not live with the father, yet he was legally bound for the child's support.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Application by Mrs. M. E. Scripture, as guardian of the person and estate of Ruth Scripture, against R. C. Scripture, as administrator of the estate of R. M. Scripture, deceased, for allowance for the support of said minor, and to set aside deceased's homestead to such minor's use. From a judgment in favor of such minor, an appeal was taken to the district court, which confirmed the judgment of the probate court, and, his motion for new trial being overruled, the administrator appeals. Affirmed.

Muse & Muse, of Dallas, for appellant.
Baskett & De Lee, of Dallas, for appellee.

TALBOT, J. The nature and result of this suit is well stated in the brief of the appellant, is acceptable to the appellee, and is as follows:

Administration was duly taken out upon the estate of R. M. Scripture, deceased, upon application therefor filed August 10, 1918.

R. C. Scripture was appointed and duly qualified as such administrator. On January 24, 1919, Mrs. M. E. Scripture, guardian of the person and estate of Ruth Scripture, the minor daughter of R. M. Scripture, deceased, filed application in the probate court for an allowance for the support of said minor, and to set aside the homestead of R. M. Scripture, deceased, to said minor. The administrator, on February 28, 1919, filed answer to such application, alleging, among other things, that on February 15, 1913, Mary E. Scripture was decreed a divorce from R. M. Scripture, and that the custody of said minor child, Ruth Scripture, was awarded to her; that said Mary E. Scripture, guardian aforesaid, and R. M. Scripture, were by such decree of divorce constituted single persons; that long prior to such decree of divorce neither she nor said child had lived upon the farm constituting the alleged estate of the deceased, and that, continuously since the decree of divorce, neither have lived upon the land claimed to belong to said estate; that said minor child, under said decree, was not a constituent member of the family of R. M. Scripture, was not such in fact, and did not reside with him upon said land; that said minor, Ruth Scripture, was not a constituent member of the household or family of R. M. Scripture continuously for long prior to his death, and under her legal status was not entitled to the rights claimed; that on August 8, 1919, the probate court entered its order making an allowance of $500 to the guardian of said minor as and for support, and setting aside 83.5 acres of land described in the judgment to said guardian for the use and benefit of said minor, Ruth Scripture, during her minority, or so long as her guardian may be permitted to so occupy and use the land under the order of the proper court having jurisdiction thereof; and the administrator was directed to deliver said homestead to the said guardian in accordance with the judgment, to which judgment the administrator in open court duly excepted, gave notice of appeal to the district court of Dallas county, and duly perfected said appeal. On August 31, 1920, upon the hearing of the cause in the district court, the judgment of the probate court was in all respects confirmed, except that the order was confined to two tracts of land, 25.5 acres and 28 acres, the other tract having been disposed of under a vendor's lien note. The case was tried upon an agreed statement of facts between the parties, and, upon motion of the administrator, the court filed his findings of facts and conclusions of law, adopting the agreed statement of facts as his findings of fact. Motion for new trial was overruled, and appeal perfected to this court.

The material facts, as agreed to by the parties and adopted by the trial court as his

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

conclusions of fact, are substantially as follows: R. M. Scripture died July 9, 1918, his first wife having died prior thereto. In 1900 or 1901, subsequent to the death of his first wife, R. M. Scripture married his second wife, M. E. Scripture. One child, Ruth Scripture, was the fruit of the second marriage. She was born October 20, 1902. R. M. Scripture and his second wife, M. E. Scripture, were divorced by decree of the district court of Dallas county, Tex., on the 15th day of February, 1913, and by said decree the custody of Ruth Scripture was awarded to her mother, since which time to the present Ruth has resided with her mother as a member of the family. After her father and mother were divorced, Ruth, a girl about 18 years of age at the time of the trial of this case, never resided or lived with her father. At the time of his death R. M. Scripture resided upon the land described in the petition as his homestead, and by the agreement of the parties said land, for the purposes of this appeal, is to be regarded and treated as the separate estate of R. M. Scripture, deceased. The minor, Ruth Scripture, had, at the time the judgment herein was rendered, no property save and except such interest as she may have as heir to the estate of her father, R. M. Scripture. She is living with and has been supported by her mother since said decree of divorce, except that, during the lifetime of her father, he from time to time gave or sent her money. Mrs. M. E. Scripture had no property, and has been earning a livelihood by her own labor, receiving therefor about $20 per week. The education of the minor, Ruth, has been borne altogether by her mother, and she is "now qualified to enter college."

[1] The contention of the appellant is that a decree of divorce constitutes the husband and wife single persons, and that, in the administration of her father's estate, the guardian of the minor child of the deceased father is not entitled, where the father and mother of said minor child were divorced and the custody of the minor child decreed in said divorce to the mother, and with whom said minor child resided since such judgment as a member of the family of the mother to the date of the death of the father, and where such minor child had never resided or lived with the father from the date of the decree of divorce to the death of the father, to have the homestead of the father, his separate property, set aside for the use and benefit of said minor. On the other hand, the appellee contends that the guardian of a minor child of a deceased father is entitled to have the homestead of the deceased father set apart to the minor child, notwithstanding the father and mother of said minor child were divorced, and the care, custody, and control of said child had been awarded the mother in the divorce proceedings, and said minor child had thereafter lived with her mother, and was not living with the father at the time of his death, and had not lived with her father on said homestead since said divorce, and that it is not essential to such right that either the parent was married at the time of death or that the minor should have resided with such parent at the time of the latter's death. We think the contention of the appellee is substantially correct, and that the judgment should be affirmed. Mrs. M. E. Scripture, having been divorced from her husband, could not assert, and did not assert, any claim for herself to the homestead of her late husband, R. M. Scripture. Duke v. Reed, 64 Tex. 713. But she was the duly constituted guardian of the minor, Ruth Scripture, the daughter of herself and her said husband, and in this capacity made the application to the county court to have the homestead, which he was occupying at the date of his death, set apart for the use and occupation of their said minor child.

[2] It is made perfectly clear by our Constitution and the adjudicated cases of this state upon the subject that it is not necessary that the minor child reside with the father at the time of his death to entitle it to a right in his homestead. By article 3413, Vernon's Sayles' Civil Statutes, the exempt property must be set apart for the use and benefit of three distinct classes of persons, namely, (1) the widow, (2) minor children, and (3) unmarried daughters remaining with the family of the deceased. The qualification, "remaining with the family of the deceased," applies only to the third class, and has no application to the second class, the minor children. That the minor child may have been awarded by the court in a divorce proceeding to the custody of the mother makes no difference. The Constitution seems "imperative in its command that the homestead shall not be taken from the minor children, so long as their guardian may be permitted, under the order of the proper court having jurisdiction, to use and occupy the same." Even the fact that the minor children are residing with their mother, who has a homestead in her own right, does not destroy their right in the deceased father's homestead.

[3] Again, as argued in effect by the appellee, the fact that the deceased father was a single man does not affect the question. The rights of the minor children do not depend upon such status, but upon their relation to him as children, notwithstanding the marriage of the father and mother has been dissolved by a decree of court, and the custody of the children has been awarded to the mother, and they do not live with the father, yet the father is legally bound for their support and they are entitled to his protection. Creditors have no right to have satisfaction out of the homestead of an insolvent estate which descends as other property subject to the use of the survivor or minor children under order of the court.

The conclusions we have reached are so thoroughly supported by the following cases that further discussion would, it seems, serve no useful purpose. Zapp v. Strohmeyer, 75 Tex. 638, 13 S. W. 9; Hall v. Fields, 81 Tex. 553, 17 S. W. 82; Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S. W. 86, 132 Am. St. Rep. 896; Shook v. Shook, 145 S. W. 682; Hoefling v. Hoefling, 106 Tex. 350, 167 S. W. 210. In the last-cited case, it is held that our laws concerning exemption of homesteads relate to both solvent and to insolvent estates.

The judgment is affirmed.