## COMMERCIAL NAT. BANK OF SAN ANTONIO et al. v. POSEY. *

No. 7507.

Court of Civil Appeals of Texas. Austin.

Dec. 3, 1930.

Rehearing Denied Dec. 17, 1930.

*Writ of error granted.

Cunningham, Moursund, & Johnson, of San Antonio, for appellants.

E. A. Wallace, of Cameron, for appellee.

McCLENDON, C. J.

Suit by Mrs. Posey against appellant bank, Cunningham, Moursund & Johnson, and Fink and Neely, to remove cloud from title to residence property in Cameron, Tex., by virtue of the filing, recording, and indexing of certain abstracts of judgment held by defendants below (except Neely), appellants here, against L. H. Posey, the divorced husband of plaintiff below, appellee here. The only involved interest in the real estate is one-half interest in remainder, reserved by L. H. Posey in a deed executed a few days before the divorce, conveying to his wife a life estate in his community half interest in the property, and recognizing her title to the other one-half. Mrs. Posey's suit is based upon the theory that her husband's title in remainder was homestead, and not subject to his debts, and that absolute title vested in her by a later deed from her former husband to her; she also claimed a lien superior to those of appellants, by virtue of claims against Posey for support of their minor children, and for having discharged a paving lien on the property. In a trial to the court without a jury, the judgment was for plaintiff. Defendants (other than Neely who filed a disclaimer) have appealed.

The controlling facts which, except where noted, are without dispute, follow: The property was acquired during the marriage of the Poseys in 1910, and was community property; the title being taken in the name of the husband. They occupied the property together as a homestead until 1921, when the husband and wife separated, the former moving away, and during the intervening years up to the trial of the case living in various cities in Texas, at each of which he conducted a life insurance business. There were five children of the union, two girls and three boys. The divorce, which was upon the petition of the wife, was decreed December 31, 1926. A few days prior thereto, and in contemplation of the divorce, Posey executed a deed to plaintiff, wherein he recognized her one half interest in the property, conveyed her a life estate, and reserved to himself the fee in remainder in the other half. At the time of the divorce the two girls and one of the boys had married; one of the boys had died; and the other, who was about eighteen years old, was living with his mother on the property. Mrs. Posey continuously occupied the property with her minor son from the time of the separation until the trial. Posey at no time since the separation contributed anything to the support of his wife or children, except that upon the death of his son he gave his wife a half interest in a bakery business in Cameron, which he inherited from his son. Mrs. Posey supported herself and her minor son in the main from the proceeds of this bakery.

Appellee Fink recovered a justice court judgment against Posey April 13, 1925, which was regularly abstracted, recorded, and indexed in Milam county, June 10, 1925. The bank recovered a judgment against Posey and Neely December 8, 1926, for $4,079.60, with foreclosure of a lien upon property in Milam county owned by Neely. Order of sale was issued upon this judgment and levied upon the property; and thereupon Neely conveyed the property to the bank for $2,500, received credit for that amount upon the judgment, which credit was properly noted upon the abstract of judgment records. The bank assigned to Cunningham, Moursund & Johnson an interest in the judgment to the extent of $295, which was likewise noted in the abstract of judgment records. This judgment was properly abstracted, filed, recorded, and indexed in Milam county, April 12, 1928. No question is raised as to the lien created by these abstracts of judgment, other than the homestead claim and alleged superior liens claimed by Mrs. Posey as above noted. The facts with reference to such superior liens will be stated later. January 8, 1929, Posey conveyed his one-half in remainder to plaintiff "in settlement of all claims by grantee upon grantor, for contribution in supporting the minor children of the parties." Upon the homestead issue, Posey testified that although he had never lived upon the property in Milam coun-

ty since the separation in 1921, or contributed to the support of his wife or children except as noted, the reason he had not done so was because he had not been financially able; that in making the conveyance of the life estate to his wife with the reservation of one-half in remainder to himself, he did so in order to protect his children in a home; that he always intended to move back upon the property and preserve it as a home for his children in case anything happened to his wife; and that he had not established a homestead anywhere else.

We have reached the following conclusion with reference to the homestead issue:

■ 1. So long as the marital relation continued, regardless of the separation and the fact that Posey left the property, virtually abandoning his wife and children, the homestead character of the property remained, it was not subject to Posey's debts, and a judgment lien could not be fixed thereon.

■■ 2. The divorce, regardless of the custody of the minor son, whether by order of the court or by voluntary relinquishment on the part of Posey, did not relieve him of his legal obligation to support his son, and he still remained the head of the family, and but for his voluntary act in the conveyance to his wife of denuding himself of the life estate and therefore of all right of possession in the property, he would still have retained a homestead interest therein, which would not be subject to his debts or the abstract of judgment liens.

■■ 3. Having voluntarily conveyed to his wife a life estate in his entire interest in the property, and the divorce having severed the marital tie, he no longer had any interest in the property, except in remainder, and could not therefore claim a homestead right therein.

We deduce these holdings from the following Supreme Court authorities: Zapp v. Strohmeyer, 75 Tex. 638, 13 S. W. 9; Hall v. Fields, 81 Tex. 553, 17 S. W. 82; Speer v. Sykes, 102 Tex. 451, 119 S. W. 86, 132 Am. St. Rep. 896; Woods v. Bank, 118 Tex. 586, 19 S.W.(2d) 35; Massillon Co. v. Barrow (Tex. Com. App.) 231 S. W. 368; Rettig v. Realty Co. (Tex. Com. App.) 254 S. W. 765—which we will briefly discuss.

The last two cases, which are by the Commission of Appeals, clearly hold that one cannot assert a homestead interest in property, the only title to which he has is in remainder without any right of possession until the intervening life estate has determined.

The Zapp Case holds that the divorced husband remains head of the family, regardless of the fact that the children reside temporarily with their mother upon the homestead property, the character of which as homestead is not thereby altered and is not subject to the husband's debts.

In the Hall Case the divorced husband continued to live upon the rural homestead, which was his separate property. The custody of minor children was awarded to the wife, and she lived with them for awhile upon property, a life estate in which had been deeded to her by the husband. Thereafter she moved away and acquired a homestead elsewhere. The children never lived with their father after the divorce. Upon the death of the father it was held that the rural homestead upon which he lived remained his homestead, and should upon application of the minor children's guardian be set aside to them for their use as a home during their minority and regardless of any disposition of the property by the will of their father. It was pointed out that so long as the father was alive he might have defeated this homestead right of his children by conveying the property, but that he could not defeat such right by will.

In the Speer Case the wife had obtained a divorce from her husband with an award of the custody of minor children and a decree of title to one-half of the community homestead, together with possession of the entire homestead during the minority of the children, and a moneyed judgment against the husband for tort committed during the marriage. Under this moneyed judgment his half interest in the homestead was levied upon and bought in by the wife, who thereafter conveyed the entire property. In a contest between the wife's vendee and the husband, it was held that the husband remained the head of the family, regardless of the custody of the children, and that since his ouster from the homestead was involuntary and for the protection of his minor children, his homestead right in his half of the property was merely suspended during the possession of the wife under the divorce decree, and the execution was void and conveyed no title.

The opinion in the Woods Case presents a very elaborate discussion of the homestead right under our Constitution and statutes, with a careful review of the authorities. It was there held generally that the homestead right in Texas constitutes an estate in the property and cannot be divested except by voluntary alienation or abandonment. The facts in that case were that the decree of divorce gave the custody of the minor children to the wife; however, the husband continued to live upon the homestead property with his minor children, who later through marriage, reaching majority, and leaving the homestead property, ceased to be members of the family. It was held that the husband's homestead right continued during his life and occupancy of the property as a home.

These cases we think mark the limits of the husband's homestead rights after divorce. In none of them do the facts or principles announced extend to a situation where the husband has voluntarily left his children in the

custody of his divorced wife, lived and conducted his business in distant cities, and voluntarily denuded himself of the right of possession of the homestead by conveying a life estate in his entire interest therein. The wife at any time. could convey her one half of the property in fee and her life estate in the other half to a stranger, and thereby defeat her own right of possession and homestead interest along with that of her children, in which event the husband would still have no right of possession ; or she might abandon the property as a homestead and establish a homestead elsewhere, and the husband would have no right to possession during her life. Posey's testimony that he always intended to move back on the property in case anything happened to his wife could have no effect upon his legal rights. Nothing could happen to his wife which would give him a right of possession, except her demise, until the happening of which event his right of possession would not be other than that of any stranger who might hold a title in remainder to the property. It seems to us clear that the voluntary conveyance by Posey of the life estate of his entire interest in the property to his wife, and the subsequent divorce, constituted an abandonment of his homestead interest.

■ Mrs. Posey alleged and introduced evidence to show that both before and after the divorce she made expenditures in support of her children, for one-half of which her husband became personally liable to her. It is not necessary to detail the evidence in this regard. Conceding her claim against Posey, it constituted nothing more than a personal obligation, and no theory upon which a lien' was created securing such obligation is presented by the record. Conceding ample powers in the courts to set aside such property as a trust fund for the support of the children, this was not done, and with that question we are not concerned. Mrs. Posey merely occupied the position of a general creditor of Posey.

■ With reference to Mrs. Posey's claim of lien by virtue of having discharged a paving lien upon the property: So long as the marital relation existed the entire property was homestead, and no such lien could be fixed upon it. Posey's conveyance to his wife just preceding the divorce, and Mrs. Posey's continuous occupancy and use of the property thereafter as a home, maintained the homestead character in so far as she was concerned in her one half interest and her life estate in the other half, and no paving lien could. therefore be fixed upon said property. The only interest in the property which might therefore have been affected by such lien subsequent to the divorce was Posey's one-half interest in the remainder, as to which interest Mrs. Posey was an entire stranger. If a valid lien were fixed against this remainder, Mrs. Posey could acquire no right of subrogation by discharging it, because there could have been no lien against her title or interest in the property, and therefore in discharging the lien she would have been a mere volunteer. We present this analysis of the situation, for the reason that appellee contends that should we hold that Posey abandoned his homestead interest in his one-half in remainder, the cause should be remanded for the purpose of ascertaining Mrs. Posey's lien claim. The record does not show that any paving lien was fixed against any interest in the property, and if we are correct, in the above holding, the record does not present any theory upon which Mrs. Posey could establish a lien. Therefore it is not necessary to remand the case for further trial in that regard.

■ The lien of Fink attached immediately upon the divorce decree, and therefore is prior in point of time to the lien of the bank and its assignees, which did not attach until April, 1928.

In so far as Mrs. Posey's one-half community interest in the property and her life estate in Posey's one-half interest are concerned, the trial court's judgment is in all things affirmed. In so far as Posey's half interest in remainder is concerned, the trial court's judgment is reversed, and the cause is remanded to that court with instructions to enter judgment foreclosing the abstract of judgment liens of appellants for the respective amounts due upon their several judgments, with an order of sale, the proceeds, after payment of costs, to be applied, first, to the judgment of Fink ; second, to the assigned interest in the bank's judgment of Cunningham, Moursund & Johnson ; third, to the balance of the bank's judgment ; and the remainder, if any, to Mrs. Posey—without, however, any writ of possession.

Affirmed in part, and in part reversed and remanded, with instructions.