## RICE v. RICE.

### No. 1678.

Court of Civil Appeals of Texas. Eastland.

June 11, 1937.

Homer T. Bouldin, of Albany, for appellant.

J. R. Black and Davidson & McMahon, all of Abilene, for appellee.

FUNDERBURK, Justice.

Mandy L. Rice sued L. P. Rice for divorce, praying for no other relief, except restoration of her former name. Her only other pleading, upon which the case went to trial, was her first supplemental petition, which purported to be a reply to defendant's original answer, and "to the petition and plea of intervention of Will Townsend, intervener, filed on the 17th day of December, 1934." Neither of the two pleadings to which such reply was directed appears in the transcript.

L. P. Rice's original answer to which the last-named pleading was a reply was superseded by his first amended original answer, which in turn was superseded by his second amended original answer. His only other pleading at the time of trial was his first supplemental answer replying to "plaintiff's supplemental petition," presumably plaintiff's second pleading above mentioned, which, as already stated, was itself a reply to two pleadings not contained in the record, one of them being properly omitted because it had been superseded.

In a nonjury trial the court, by its judgment, granted the divorce. As to that action, no complaint is made by either

party. Another part of the judgment provided that "* * * an equitable lien be and it hereby is created and adjudged in favor of the defendant as against the 50 acre tract hereinabove described, such equitable lien to be and remain in the nature of an indemnity and to be subject to enforcement and foreclosure if, as and when said defendant is required to pay off and discharge any or all, or any part of said community indebtedness expressly assumed by plaintiff, such lien to become susceptible to enforcement at such times hereafter as that the defendant herein may be subjected to liability and required to pay said community debts assumed as aforesaid, or any part thereof."

This provision of the judgment was preceded by recitations, at length, to the general effect that previously plaintiff and defendant had submitted their differences concerning property rights to arbitration; that the award of the arbitrators had found that a certain 50-acre tract was community property, had directed that it be conveyed to plaintiff to be and become her separate property, and directed plaintiff to pay defendant $250 and to assume community debts amounting to $3,012.78.

Further recitations were: "It appearing to the court that said award of said arbitrators is fair, just and equitable so far as same goes: It is therefore ordered, adjudged and decreed by the court that the award of said arbitrators be and it hereby is confirmed, ratified and approved by the court, and is entered as the judgment of the court, with the following additions supplemental thereto, which shall be and become operative with respect to said award as fully as if same were incorporated therein, to-wit:

"In-as-much as the entire estate of said plaintiff consists of approximately 190 acres of land, which includes the 50 acre tract above described which has heretofore been conveyed by defendant to plaintiff, and in-as-much as said plaintiff is the head of a family entitled to a homestead exemption of 200 acres, and in-as-much as plaintiff, as against the debts which she expressly assumed by virtue of said award, has pleaded her exemption in connection with said 190 acre tract of land and has no other property within the State of Texas subject to execution and is insolvent; and in-as-much as the defendant herein remains liable for all the items of indebtedness due and owing by the community estate of himself and plaintiff, and in-as-

much as the real and true consideration for the execution and delivery by defendant to plaintiff for said conveyance of said 50 acre tract was the assumption of said community obligations, as well as the cash payment hereinbefore mentioned, it is the opinion of this court that defendant is entitled to an indemnity as against the 50 acre tract above described to protect him as against his liability on said community debts aforesaid; it is therefore ordered, adjudged and decreed by the court," etc. Then follows the decree of the lien above quoted.

Plaintiff by her appeal challenges the judgment in so far as it awarded an equitable lien on the 50-acre tract.

■ The action or ruling of the court constituting the ground of error alleged in the first assignment of error is "in not entering the award of the arbitrators which settled the property rights of the plaintiff and defendant as the judgment of the court and ordering same entered on the minutes of the court as the judgment of said court." This assignment of error is not supported by the record. On the contrary, the judgment in this suit, at least, purports to make the award of the arbitrators the judgment of the court. Plaintiff no doubt meant to challenge the correctness of the action of the court in adjudging, additional to the provisions of the award of the arbitrators, an equitable lien to indemnify defendant against his having to pay debts which, by the terms of the award, plaintiff assumed; but, if so, the assignment of error does not specify such action, and is, therefore, insufficient to raise any question concerning it.

■ Upon this point we may say that we do not believe the pleadings of either party tendered or joined any issues regarding a division of community property of the plaintiff and defendant. Certainly no pleading of the plaintiff tendered any such issues. Her original petition was wholly silent upon that subject. Her first supplemental petition, as said before, was a reply to defendant's original answer, later superseded, and to an alleged petition of an intervener. The record does not otherwise show there was an intervener in the case. If there was, then no order or judgment made any disposition of such party, either expressly or impliedly. If in truth Townsend was permitted by the court to intervene, and he did so intervene as to become a party, it would probably be our duty

to dismiss the appeal on the ground that the judgment, having made no disposition of him as a party, was not final and appealable. 3 Tex.Jur. p. 114, § 56; Id., p. 136, § 71. We think instead of that disposition of the case, it is our duty, since no order or judgment shows he was permitted to intervene, to assume that he never became a party.

All that plaintiff alleged in her said first supplemental petition relative to arbitration and settlement of property rights followed a general denial. She was, therefore, not bound by such allegations; they are not to be taken as true against her. Gillett v. Missouri, K. & T. Ry. Co. (Tex. Civ.App.) 68 S.W. 61, and authorities cited. If we look to defendant's pleadings, they purport to be only defensive. "By way of special answer," etc., is the introductory language preceding the allegations.

But treating defendant's said answer as asserting a cross-action, it is not an action for a division of the community property authorized by the provisions of R.S. 1925, art. 4638. It is alleged by defendant that "it is true * * * that the property rights of this plaintiff and defendant were arbitrated by what purported to be a statutory arbitration, pursuant to an agreement dated September 5, 1934, which arbitration, if not valid as a statutory arbitration *is valid as a common law arbitration, insofar as the determination of a fair division of the community property is concerned,*" etc. (Italics ours.) There was, therefore, no occasion for the court to exercise its authority in the matter of providing for a division of property.

Following the above, defendant alleged a mistake of omission on the part of the arbitrators in that they "failed to provide a time limit within which such debts (assumed by plaintiff) should be paid and failed to provide any remedy or penalty either in favor of this defendant or in favor of the creditors of the community estate of plaintiff and defendant in the event plaintiff failed to comply with the executory features incorporated in such award." In short, defendant while approving the award at the same time sought to have the court add provisions not made by the arbitrators, greatly varying the rights of the parties as measured by the terms of the award. There are alternative allegations of mutual mistake and fraud, but in so far as facts as distinguished from conclusions are averred, the only allegations of mistake show, at most, that from the standpoint of the defendant it would have been more desirable if the award had provided him some indemnity against the failure of the plaintiff to pay the debts, which, by the terms of the award, she assumed to pay. No ground, we think, is alleged authorizing, even in a proper proceeding, the vacation or modification of the award.

It is our conclusion that the pleadings in the case did not invoke the authority of the court to decree a division of community property or settlement of the property rights of the parties; that the arbitration proceeding was a different action from the divorce case; that the duty of the court or judge with reference to making the award of the arbitrators the judgment of the court was a duty independent of, and distinct from, any duty in the instant case; and of a nature, under the facts, not revisable by appeal. That at all events the court was without authority, in this case, as the judgment purports to do, to add to the terms of the award, particularly in such a way as to vary the total legal effect thereof.

If we be mistaken in the view that under the pleadings in this case the subject of the division of community property was not presented to the court for adjudication, or if presented did not authorize the court to make any provision contrary to the legal effect of the award of arbitration in a separate and independent proceeding, we are of the opinion that the court, nevertheless, could not properly decree the lien which it purports to decree. The total amount of land prior to the arbitration proceeding owned by plaintiff and defendant was 190 acres, of which 140 acres were owned by plaintiff as her separate property and 50 acres by plaintiff and defendant as community property. The entire 190-acre tract was homestead before and after the arbitration proceeding. No creditors were shown to have any rights in the land. The conveyance of the 50 acres by defendant to plaintiff in accordance with the award of the arbitrators made it none the less a part of her homestead. No lien could, therefore, be made effective against it in favor of creditors. Just as certainly, we think, no lien could be impressed upon it by the court in favor of the defendant by way of indemnifying against payment of his debts which plaintiff assumed, but which for any reason she may fail to pay. Without a more particular statement of the

governing principle, this conclusion is believed to be required by the following authorities: Const., art. 16, § 50; Barber v. Barber (Tex.Civ.App.) 223 S.W. 866; Jackson v. Jackson (Tex.Civ.App.) 283 S. W. 923; Shook v. Shook (Tex.Civ.App.) 145 S.W. 682; Speer & Goodnight v. Sykes, 102 Tex. 451, 119 S.W. 86, 132 Am.St.Rep. 896; Zapp v. Strohmeyer, 75 Tex. 638, 13 S.W. 9; Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35; Dorough v. Panse (Tex.Civ.App.) 24 S.W. (2d) 69; Toler v. Fertitta (Tex.Com.App.) 67 S.W.(2d) 229.

It is our conclusion that the judgment granting the divorce should be affirmed, but in so far as it decrees a lien on the 50 acres of land should be reversed and dismissed. It is accordingly so ordered.